UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD L. RYNEARSON, III<br><br>　　　Plaintiff,<br><br>v.<br><br>ROBERT FERGUSON, Attorney General of the State of Washington,<br><br>and<br><br>TINA R. ROBINSON, Prosecuting Attorney for Kitsap County,<br><br>　　　Defendants. | NO. 2:17-cv-1042<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AGAINST ENFORCEMENT OF WASHINGTON'S CYBERSTALKING STATUTE, SECTION 9.61.260(1)(b) |

**INTRODUCTION**

1.　Plaintiff routinely engages in constitutionally protected—if provocative—online speech and resides in Kitsap County, Washington.

2.　Plaintiff seeks to contest, on First and Fourteenth Amendment grounds, the constitutionality of a Washington statute which purports to criminalize constitutionally protected political and other expression on the internet. Revised Code of Washington § 9.61.260(1)(b) ("the statute"), provides in relevant part:

> (1) A person is guilty of cyberstalking if he or she, with intent to harass, intimidate, torment, or embarrass any other person, and under circumstances not constituting telephone harassment, makes an electronic communication to such other person or a third party:
> ***

COMPLAINT
CASE NO. 2:17-cv-1042 - 1

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

(b) Anonymously or repeatedly whether or not conversation occurs.

3. Plaintiff sues to contest the constitutionality only of the prohibition against "anonymous[] or repeated[] speech" to third parties with the requisite intent. Plaintiff is not here challenging the prohibition against "lewd, lascivious, indecent, or obscene" speech, RCW § 9.61.260(1)(a), and does not object to the prohibition against speech "[t]hreatening to inflict injury on … person or property," *id*. § 9.61.260(1)(c). The statute was expressly made severable by the Washington Legislature. Laws of 2004, ch. 94, § 6.

## PARTIES

4. Plaintiff Richard Lee Rynearson, III is a natural person, at all relevant times residing in Bainbridge Island, Kitsap County, Washington. Mr. Rynearson is an activist who maintained a blog for seven years and regularly publishes comments and articles on various Facebook pages.

5. Defendant Robert Ferguson is, and at all times relevant was, the Attorney General of Washington, and is, pursuant to Revised Code of Washington § 43.10.030, the chief law enforcement officer of the State of Washington, charged with representing the state in civil and criminal matters. He is sued here in his official capacity for purposes of obtaining equitable relief.

6. Defendant Tina R. Robinson is, and at all times relevant was, the Prosecuting Attorney in and for Kitsap County, Washington, empowered and authorized, pursuant to Revised Code of Washington § 36.27.020, to investigate and to prosecute felony crimes referred by county law enforcement agencies and city law enforcement agencies, and gross misdemeanor and misdemeanor crimes referred by county law enforcement agencies. She is also authorized to prosecute gross misdemeanor and misdemeanor crimes referred by the City of Bainbridge island, which has contracted with the Kitsap County Prosecutor's Office for prosecution services. She is sued here in her official capacity for purposes of obtaining equitable relief.

7. The Defendants, and each of them, at all times herein were and are authorized and empowered to enforce the statute contested herein under color and authority of state law.

COMPLAINT
CASE NO. 2:17-cv-1042 - 2

focal PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

8. The statute contested herein represents, and at all times relevant did represent the official policy, practice, custom and usage of the State of Washington with respect to the subject matter thereof.

## JURISDICTION AND VENUE

9. Jurisdiction is properly vested in this Court pursuant to 28 U.S.C § 1331. This case presents a federal question, pursuant to 28 U.S.C § 1343(a)(3), in that it seeks to secure and to redress the deprivation of rights secured by the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C § 1983, in that it seeks to secure and redress the deprivation of those rights under color and authority of state law, pursuant to 28 U.S.C § 2201, in that it seeks declaratory relief and pursuant to 28 U.S.C § 2202, in that it seeks injunctive relief in favor of rights secured by the Constitution and laws of the United States.

10. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b)(1), in that all of the Defendants reside in this district and within this state.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is an online author and activist who regularly writes online posts and comments related to civil liberties, including about police abuse and the expansion of executive power in the wake of September 11. Many of those posts and comments relate to a detention provision in the National Defense Authorization Act ("NDAA") of 2012, Section 1021, which was found to authorize the unconstitutional detention of American citizens without trial under the laws of war. *See Hedges v. Obama*, 890 F. Supp. 2d 424, 458 (S.D.N.Y. 2012), *rev'd for lack of jurisdiction*, 724 F.3d 170 (2d Cir. 2013). Given his interest in indefinite-detention issues, Plaintiff became interested years ago in public and civic organizations in the Seattle area that memorialize and seek to present the lessons of the Japanese-American internment in World War II, such as the Bainbridge Island Japanese-American Exclusion Memorial and Seattle-based Densho. In the past months, Plaintiff has regularly posted on public Facebook pages and groups criticizing the leadership of those public and civic organizations. His critiques are based on those leaders' failure to condemn the NDAA of 2012 or their vocal and strong support for politicians,

COMPLAINT
CASE NO. 2:17-cv-1042 - 3

focal PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

such as Governor Jay Inslee and former President Barack Obama, that voted for or signed the NDAA of 2012. Plaintiff's posts often include invective, ridicule, and harsh condemnation (but no profanity or obscenity) intended to criticize or call into question the actions and motives of these civic leaders and other public figures.

12. Plaintiff has a well-founded fear and faces a credible threat of criminal prosecution under Section 9.61.260(1)(b) for this online speech. Specifically, the Bainbridge Island Police Department found probable cause for a cyberstalking charge against Plaintiff based on online speech to and about one of the subjects of Plaintiff's criticism, the founder of the Bainbridge Island Japanese-American Exclusion Memorial (Clarence Moriwaki). Mr. Moriwaki is a speaker and activist who has written columns for the Seattle Times, and has generally been active publicly around a variety of issues, including the internment of Japanese-Americans, and the lessons of the internment for modern times.

13. Defendant Robinson has not filed charges based on this speech, but has not officially declined to file charges, either. Defendant Robinson's office conveyed the impression to Plaintiff that the office will revisit its decision on whether to prosecute Plaintiff in part based on Plaintiff's future speech. Specifically, Defendant Robinson's office conveyed a veiled threat of prosecution which Plaintiff could avoid by refraining from political commentary directed at the previous subject of Plaintiff's criticism.

14. In addition to the public figure at issue in the Bainbridge Island Police Department report, Plaintiff has condemned and sharply criticized other public figures and government officials in the past in online posts and commentary. Under Defendants' interpretation of Section 9.61.260(1)(b), these posts could also be deemed to be written with the purpose of tormenting, harassing, or embarrassing the criticized figures and officials. Plaintiff intends to engage in substantially similar online speech in the future. Plaintiff reasonably fears that these online posts or similar future posts will expose him to prosecution under Section 9.61.260(1)(b). For that reason, he has self-censored his posts and been subjectively chilled as to the content of his online speech.

COMPLAINT
CASE NO. 2:17-cv-1042 - 4

focal PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

15. Plaintiff wishes to engage in constitutionally protected speech, including speech on matters of public concern, without fear of criminal prosecution under Section 9.61.260(1)(b), even though that expression might be considered harassing or embarrassing to the subjects about whom he writes. Plaintiff does not here contest paragraph 9.61.260(1)(a), which prohibits lewd, lascivious, and obscene speech, and does not object to paragraph 9.61.260(1)(c), which prohibits certain threatening speech. Plaintiff also does not contest that portion of Section 9.61.260(1) that prohibits online speech to a person, as opposed to speech about a person to a "third party."

16. Pursuant to Revised Code of Washington § 9.61.260(2), (3), violation of the statute is a gross misdemeanor, except when certain aggravating factors are present, in which case it is a Class C felony. In Washington, gross misdemeanors are punishable by incarceration of up to 364 days and a fine of up to five thousand dollars ($5,000.00). RCW § 9A.20.021(2). Class C felonies are punishable by up to five years in prison and a fine of up to ten thousand dollars ($10,000).

## COUNT – FACIAL UNCONSTITUTIONALITY

17. Plaintiff restates as if fully rewritten here each and every averment set forth in Paragraphs 1 through 16 of this Complaint, above.

18. On its face, Section 9.61.260(1)(b) criminalizes expression based upon the content of the expression in question, notwithstanding that the government generally "has no power to restrict expression because of its message, its ideas, its subject matter or its content." *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2226 (2015).

19. On its face, Section 9.61.260(1)(b) criminalizes expression based upon the purpose of the expression in question, making it an offense to publish material online "[a]nonymously or repeatedly" with "intent to harass, intimidate, torment, or embarrass any other person." Restrictions which define regulated speech by its function or purpose are content based. Under Section 9.61.260(1)(b), any online expression published with the purpose of tormenting, intimidating, harassing, or embarrassing another person is proscribed and subject to prosecution if done repeatedly or anonymously, making the restriction content based.

COMPLAINT
CASE NO. 2:17-cv-1042 - 5

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

20. On its face, Section 9.61.260(1)(b) is not limited to defamation, obscenity, threats, or other forms of expression that may be lawfully curtailed or punished consistent with the First Amendment. Indeed, obscenity and threats are plainly encompassed within other paragraphs of the statute ((1)(a) and (1)(c)), making plain that Section 9.61.260(1)(b) is intended to criminalize speech that is non-threatening and not obscene.

21. On its face, Section 9.61.260(1)(b) is not limited to harassing speech directed to an unwilling listener, like traditional telephone harassment laws. Rather, Section 9.61.260(1)(b) expressly criminalizes speech to "third part[ies]" as well as speech to "such other person" and thereby criminalizes speech about an unwilling subject. Attempts to block from public dissemination the flow of information regarding an unwilling subject violates the First Amendment. *Organization for a Better Austin v. Keefe*, 403 U.S. 415, 420 (1971).

22. The terms "harass, intimidate, torment, or embarrass" are not defined by the statute. The Washington Supreme Court, in a case examining the similarly-worded telephone-harassment statute, has defined "intimidate" to include "compel[ling] to action or inaction (as by threats)," *Seattle v. Huff*, 767 P.2d 572, 576 (Wash. 1989), but it did not provide a definition for the other proscribed purposes. When statutory terms are undefined, however, Washington courts generally give them their ordinary meaning, including the dictionary definition. *See id*. (defining "intimidate" by reference to definition in Webster's Third New International Dictionary). The dictionary definition of "harass" includes "to vex, trouble, or annoy continually or chronically," Webster's Third New International Dictionary, Unabridged (online ed. 2017), and the meaning of "torment" includes "to cause worry or vexation to," *id*. Finally, "embarrass" means "to cause to experience a state of self-conscious distress." *Id*.

23. As a result, even public criticisms of public figures and public officials could be subject to criminal prosecution and punishment if they are seen as intended to persistently "vex" or "annoy" those public figures, or make them "self-conscious" about something.

24. As a content-based restriction on speech, Section 9.61.260(1)(b) is "presumptively unconstitutional" unless it both furthers a compelling governmental interest and

COMPLAINT
CASE NO. 2:17-cv-1042 - 6

focal PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

is narrowly tailored to do so. *Reed*, 135 S. Ct. at 2226-27. Section 9.61.260(1)(b) serves no compelling governmental interest, nor is it narrowly tailored to serve any legitimate state interest. Section 9.61.260(1)(b) restricts substantially more protected speech than is necessary to serve any legitimate governmental interest, much less any compelling governmental interest.

25. Plaintiff has been both subjectively and reasonably chilled in the exercise of his right to engage in speech, including speech on matters of public concern, under the First Amendment to the United States Constitution, in that he has refrained, and unless Section 9.61.260(1)(b) is declared unconstitutional and its enforcement is enjoined, will continue to refrain from publishing certain commentary online for fear of prosecution.

**PRAYER**

WHEREFORE, having stated his claim against the Defendants, Plaintiff hereby demands judgment against the Defendants, and each of them, as follows:

A. A declaration that Section 9.61.260(1)(b) is unconstitutionally overbroad, in violation of the First Amendment to the United States Constitution, as made applicable to the states through the Fourteenth Amendment;

B. A preliminary injunction and permanent injunction enjoining the Defendants, and each of them, and all those acting for, with or in active concert with them, after notice of such injunction, from enforcing Section 9.61.260(1)(b);

C. An award of attorney fees and costs of suit pursuant to 42 U.S.C § 1988 and Local Civil Rule 54(d); and

D. Such other relief, be it legal or equitable, that the Court in the sound exercise of its discretion, deems just.

DATED: July 11, 2017.                     Respectfully submitted,

SCOTT & CYAN BANISTER FIRST
AMENDMENT CLINIC

UCLA SCHOOL OF LAW

By: s/ *Eugene Volokh*

COMPLAINT
CASE NO. 2:17-cv-1042 - 7

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Eugene Volokh
405 Hilgard Ave.
Los Angeles, CA 90095
Tel: (310) 206-3926
volokh@law.ucla.edu
Pro Hac Vice admission pending

FOCAL PLLC
By: *s/ Venkat Balasubramani*
Venkat Balasubramani, WSBA #28269
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
venkat@focallaw.com

*Attorneys for Plaintiff*

COMPLAINT
CASE NO. 2:17-cv-1042 - 8

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966