THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD L. RYNEARSON, III,<br><br>Plaintiff,<br><br>-vs-<br><br>ROBERT FERGUSON, Attorney General of the State of Washington,<br><br>and<br><br>TINA R. ROBINSON, Prosecuting Attorney for Kitsap County,<br><br>Defendants. | NO.  3:17-cv-05531-RBL<br><br>DEFENDANT KITSAP COUNTY PROSECUTING ATTORNEY TINA R. ROBINSON'S MOTION FOR DISMISSAL PURSUANT TO FED.R.CIV.P. 12(B)(6)<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 15, 2017 |

## I.   Motion

Comes now Defendant Kitsap County Prosecuting Attorney, Tina R. Robinson, by and through her attorney of record, Chief Deputy Prosecuting Attorney, Ione S. George, and moves for dismissal of any/all 42 U.S.C. §1983 claims against her, as Plaintiff has failed to state a claim upon which relief can be granted.  This motion is based upon the records and files herein, and Fed. R. Civ. P. 12(b)(6).

MOTION FOR DISMISSAL PURSUANT TO FED.R.CIV.P. 12(B)(6)
(3:17-cv-05531-RBL ) -- 1

**TINA R. ROBINSON**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

## II.     The Complaint

The singular cause of action articulated in the Plaintiff's Complaint for Injunctive Relieve Against Enforcement of Washington's Cyberstalking Statute, Section 9.61.260(1)(b) (hereinafter "Complaint") is set forth on page 5, line 14. That cause of action is identified as "facial unconstitutionality." However, under the preceding section entitled "Jurisdiction and Venue," the plaintiff asserts that he seeks to redress rights pursuant to 42 U.S.C. §1983[1], and in his conclusory prayer for relief he seeks an award of attorney fees and costs pursuant to 42 U.S.C. §1988.

The only factual assertions made regarding Defendant Kitsap County Prosecuting Attorney Robinson are set forth in paragraph no.'s 6 and 13 of the Complaint. Paragraph 6 falls under a subsection entitled "Parties," and identifies Ms. Robinson as the Kitsap County Prosecuting Attorney who is authorized to prosecute crimes. This paragraph concludes that Ms. Robinson "is sued here in her official capacity for purposes of obtaining equitable relief."[2]

Paragraph 13 of the Complaint is in a subsection entitled "Facts Common to All Claims." In this paragraph, Plaintiff concedes that Defendant Robinson has not filed criminal charges against the Plaintiff, but alleges that she has "conveyed an impression" that she may reconsider this decision based in part on Plaintiff's future speech. Plaintiff equates this to a "veiled threat" of prosecution.[3]

## III.     Fed. R. Civ.P. 12(b)(6)

"Upon a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court limits its review to the allegations of material fact set forth in the complaint, which are taken to be true and viewed in the

---

[1] Complaint at p. 3, line 8.
[2] Complaint at p. 2, line 24-25.
[3] Complaint at p, 4, lines 15-18.

MOTION FOR DISMISSAL PURSUANT TO FED.R.CIV.P. 12(B)(6)
(3:17-cv-05531-RBL ) -- 2

TINA R. ROBINSON
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

light most favorable to the non-moving party together with all reasonable inferences therefrom.[4] Dismissal can be based on both the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.[5] Conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss, and need not be accepted as true.[6] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations (citations omitted), a plaintiff's obligations to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7]

Here the plaintiff's Complaint fails on three grounds:

1) the Complaint articulates no cause of action pursuant to 42 U.S.C. §1983 for vindication of civil rights;

2) the Complaint identifies no action by Prosecuting Attorney Robinson that violated the plaintiff's constitutional rights; and

3) defendant Robinson is protected by absolute immunity for any and all actions performed in her capacity as a prosecutor.

Accordingly, the Complaint is void of any grounds upon which to base entitlement to relief pursuant to 42 U.S.C. §1983.

## IV.   Discussion

A.   <u>No §1983 Cause of Action Articulated</u>

On its face, the Complaint is unclear as to whether Plaintiff actually seeks relief pursuant to 42 U.S.C. §1983. The Complaint states only one "Count" or cause of action—i.e., the "facial

---

[4] *Pierce v. NovaStar Mortg., Inc.* 422 F.Supp.2d 1230, 1233 (2006), citing, *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir.1998)
[5] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990).
[6] Id.; see also, *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992).

MOTION FOR DISMISSAL PURSUANT TO FED.R.CIV.P. 12(B)(6)
(3:17-cv-05531-RBL ) -- 3

**TINA R. ROBINSON**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

unconstitutionality of the statue"—and simply requests declaratory relief.[8] Declaratory relief regarding a federal matter right may be sought pursuant to 28 U.S.C. §2201. Though the Complaint does not articulate §2201 as the basis of its facial unconstitutionality cause of action, the statute is referenced in the jurisdictional section of the Compliant, and it is reasonably presumed this is the statutory basis of the Plaintiff's declaratory action.

However, the plaintiff's prayer for relief also asserts a demand for judgment and/or an award for fees pursuant to 42 U.S.C. §1988. While relief under §1988 may be available to a party who prevails pursuant to §1983, such relief is not available to a party who prevails on a §2201 action. Thus, Plaintiff has either included a demand for fees pursuant to 42 U.S.C. §1988 in error, as such an award is not legally available; or, Plaintiff's request for fees is an indication that referencing 42 U.S.C. §1983 in the jurisdictional section of his Complaint was intended as an assertion of a cause of action against defendant Robinson.

Every complaint must include "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Simply referencing a statute in a string of citations in a jurisdictional statement is an insufficient means of providing fair notice of a claim. If such was the intent, plaintiffs' claim for damages pursuant to 42 U.S.C. §1983 should fail.

B.     <u>No Action Identified Which Violated a Constitutional Right</u>

To succeed in a 42 U.S.C. § 1983 action against an individual, a plaintiff must establish that a defendant was acting under color of state law and that the defendant deprived him "of a right,

---

[7] *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 I.Ed.2d 929 (2007), quoting, *Sanjuan v. American Bc. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994).
[8] Complaint at p. 5, line 14. See also, p. 7, lines 5-9.

MOTION FOR DISMISSAL PURSUANT TO FED.R.CIV.P. 12(B)(6)
(3:17-cv-05531-RBL ) -- 4

**TINA R. ROBINSON**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

privilege or immunity secured by the constitution or laws of the United States." *Kildare v. Saenz*, 325 F.3d 1078, 1086 (9th Cir. 2003). Therefore, in his Complaint, Plaintiff was required to "plead specific facts and allege a cognizable constitutional violation in order to avoid dismissal for failure to state a claim." *Mills v. Criminal District Court*, 837 F.2d 677, 678 (5th Cir. 1988).

Yet here the only action alleged regarding Prosecutor Robinson was that she did not take action. Specifically, all Plaintiff has alleged is that Prosecutor Robinson did not file criminal charges against the Plaintiff. While Plaintiff alleges that Ms. Robinson's office conveyed that it could reconsider a charging decision based on future conduct, that is true of every criminal referral – as that is the duty of a prosecutor; to wit, to:

> (6) Institute and prosecute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of felonies when the prosecuting attorney has information that any such offense has been committed.[9]

In essence, Plaintiff's claim against Prosecutor Robinson is merely that she may, in the future, carry out her duty as a prosecutor by instituting and prosecuting a criminal proceeding against Plaintiff, were he to commit a criminal act. Plaintiff has failed to state any facts from which one could infer that such conduct constituted a violation of Plaintiff's constitutional rights.

The Complaint fails to allege any constitutional violation that the Plaintiff has suffered, and similarly, is void of any reference as to how Prosecutor Robinson may have caused any such violation. In fact, the only assertion against Ms. Robinson is that she *did not* take action against the Plaintiff. In describing how she did not act, Plaintiff has not articulated how Ms. Robinson, under the color of law, violated his constitutional right(s).

---

[9] RCW 36.27.020.

MOTION FOR DISMISSAL PURSUANT TO FED.R.CIV.P. 12(B)(6)
(3:17-cv-05531-RBL ) -- 5

TINA R. ROBINSON
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

Because Plaintiff has failed to identify act committed under the color of law by Prosecutor Robinson which caused a constitutional violation or deprived him of a right secured by law, any and all claims ostensibly filed against Prosecutor Robinson, pursuant to 42 U.S.C. §1983, must be dismissed.

C.     <u>Prosecutor Robinson Protected by Absolute Prosecutorial Immunity</u>

It is well settled that a prosecutor is protected by absolute prosecutorial immunity when performing the traditional role of an advocate.[10] A state prosecuting attorney "is absolutely immune from a civil suit for damages under §1983 for alleged deprivations of the accused's constitutional rights" when acting within the scope of his duties in initiating and pursuing criminal charges.[11]

The policy considerations justifying absolute prosecutorial immunity include "both the interests in protecting the prosecutor from harassing litigation that would divert his time and attention from his official duties and the interest in enabling him to exercise independent judgment when deciding which suits to bring and in conducting them in court."[12]

Here, no allegation has been made against Prosecutor Robinson other than that she is authorized to prosecute crime, and that she (or her office) declined to file charges against the plaintiff, but left an impression that she would consider whether charges were appropriate based on future actions of the plaintiff. The evaluation and initiation of criminal charges is a core function of a prosecutor for which she is protected from suit by absolute immunity. For all functions within the scope of her responsibilities as a prosecuting attorney, Ms. Robinson is "absolutely immune from

---

[10] *Kalina v. Fletcher,* 522 U.S. 118, 123, 118 S.Ct. 502, 130 L.Ed.2d 471 (1997).
[11] *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.#d.2d 128 (1976).
[12] *Kalina,* 118 S.Ct. at 507, citing *Imbler,* 424 U.S. at 424.

MOTION FOR DISMISSAL PURSUANT TO FED.R.CIV.P. 12(B)(6)
(3:17-cv-05531-RBL ) -- 6

**TINA R. ROBINSON**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

civil suit for damages under §1983 . . ."[13] Consequently, any potential or attempted §1983 claim against Prosecutor Robinson fails as a matter of law, as would any attempted recoupment of fees.

## V. Conclusion

For the reasons set forth above, any 42 U.S.C. §1983 claim against Prosecutor Robinson fails as a matter of law and any amendment of the Complaint in this regard would be futile. Accordingly, any such claim against Prosecutor Robinson should be dismissed with prejudice, and accordingly, Plaintiff's request for reasonable costs and attorneys' fees pursuant to 42 U.S.C. §1988 should be denied, and no award of fees or costs against Prosecutor Robinson be imposed.[14]

Respectfully submitted this 24th day of August, 2017.

TINA R. ROBINSON
Kitsap County Prosecuting Attorney

*/s/ Ione S. George*
IONE S. GEORGE, WSBA No. 18236
Chief Deputy Prosecuting Attorney
Attorney for Defendant Tina R. Robinson

---

[13] Imbler, *supra*, at 424.
[14] Specifically, if Plaintiff prevails on any request for declaratory judgment or other injunctive relief, no award of fees against Defendant Robinson pursuant to 42 U.S.C. §1988 may be imposed, as Plaintiff has failed to state a 42 U.S.C. §1983 claim against Prosecutor Robinson upon which relief can be granted.

MOTION FOR DISMISSAL PURSUANT TO FED.R.CIV.P. 12(B)(6)
(3:17-cv-05531-RBL ) -- 7

TINA R. ROBINSON
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

CERTIFICATION

I hereby certify that on August 24, 2017, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Eugene Volokh<br>Scott & Cyan Banister First<br>Amendment Clinic<br>UCLA School of Law<br>405 Hilgard Avenue<br>Los Angeles, CA  90095<br>Email: volokh@law.ucla.edu | Darwin P. Roberts<br>Attorney General's Office<br>800 5th Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>Email: darwinr@atg.wa.gov |
| Venkat Balasubramani<br>Focal PLLC<br>900 1st Avenue S., Suite 201<br>Seattle, WA  98134<br>Email: venkat@focallaw.com | Callie A. Castillo<br>Attorney General's Office<br>1125 Washington Street SE<br>Olympia, WA 98504-0110<br>Email: calliec@atg.wa.gov |
| Garrett Heilman<br>Focal PLLC<br>900 1st Avenue S., Suite 201<br>Seattle, WA  98134<br>Email: Garrett@focallaw.com | |

I further hereby certify that I served a copy of the above and foregoing upon the following in the manner noted:

Judith A. Endejan              [X] Via U.S. Mail
Garvey Schubert Barer          [ ] Via Fax:
1191 Second Avenue, 18th Floor [X] Via Email: jendejan@fsblaw.com
Seattle, WA  98101             [ ] Via Hand Delivery


SIGNED in Port Orchard, Washington this 24th day of August, 2017.

*Batrice Fredsti*
Batrice Fredsti, Legal Assistant
Kitsap County Prosecutor's Office
614 Division Street, MS-35A
Port Orchard WA  98366
Phone: 360-337-7032

MOTION FOR DISMISSAL PURSUANT TO FED.R.CIV.P. 12(B)(6)
(3:17-cv-05531-RBL ) -- 8

**TINA R. ROBINSON**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros