1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| RICHARD L. RYNEARSON, III, | NO. 3:17-cv-05531-RBL |
| Plaintiff, | DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| ROBERT FERGUSON, Attorney General of the State of Washington, and TINA R. ROBINSON, Kitsap County Prosecuting Attorney, | AND CROSS MOTION TO DISMISS |
| | Cross-Motion Noted: September 22, 2017 |
| Defendants. | No Oral Argument Requested |

# TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................................... 1

II.   FACTS RELEVANT TO MOTION ............................................................ 3

III.  ARGUMENT ............................................................................................... 5

    A.   The principles of *Younger* abstention ......................................... 5

    B.   Legal standards for a preliminary injunction ............................... 7

    C.   *Younger* abstention is appropriate in this case .......................... 8

        1.   The stalking protection order proceeding qualifies for abstention as a civil enforcement proceeding "akin to a criminal prosecution" ........................ 8

        2.   The stalking protection order proceeding involves the State's interest in enforcing the orders and judgments of its courts ............................................. 11

    D.   The *Middlesex* factors also support *Younger* abstention here ................................. 13

    E.   An injunction would have the effect of enjoining the state proceedings ................. 16

    F.   No other exception to *Younger* applies ..................................... 16

    G.   Even if *Younger* abstention were not appropriate, this Court should deny a preliminary injunction ............................................................ 17

        1.   Mr. Rynearson fails to show a likelihood of success on his facial constitutional challenge, because Wash. Rev. Code § 9.61.260(1)(b) can be constitutionally applied ...................... 18

        2.   Mr. Rynearson cannot demonstrate he is likely to suffer irreparable harm in the absence of preliminary relief ................................ 19

IV.   CONCLUSION ......................................................................................... 20

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

i

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# TABLE OF AUTHORITIES

## Cases

*Alliance for the Wild Rockies v. Cottrell*,
632 F.3d 1127 (9th Cir. 2011) ........................................................................ 7

*Burroughs v. Corey*,
92 F.Supp. 3d 1201 (M.D. Fla. 2015) ............................................................ 19

*City of Bellingham v. Dodd*
(unpublished) ..................................................................................... 15-16, 20

*Cole v. Montgomery*,
No. 4:14-cv-4462-RMG,
2015 WL 2341721 (D.S.C. May 12, 2015) .................................................... 14

*Dombrowski v. Pfister*,
380 U.S. 479 (1965) ...................................................................................... 17

*Dubinka v. Judges of Superior Court of State of Cal. for Cty. of Los Angeles*,
23 F.3d 218 (9th Cir. 1994) .................................................................... 13, 17

*Fund, et al. v. City of New York*,
No. 14-cv-2958-KPF,
2014 WL 2048204 (S.D.N.Y. May 19, 2014) ................................................. 8

*Gilbertson v. Albright*,
381 F.3d 965 (9th Cir. 2004) ............................................................... 7, 15-16

*Guzman v. Shewry*,
552 F.3d 941 (9th Cir.2009) ............................................................................ 7

*Huffman v. Pursue, Inc.*,
420 U.S. 592 (1975) ........................................................................... 8, 10, 13

*In re Marriage of Freeman*,
239 P.3d 557 (Wash. 2010) ........................................................................... 15

*Juidice v. Vail*,
430 U.S. 327 (1977) .................................................................................. 11-12

*Karl v. Cifuentes*,
No. 15-2542,
2015 WL 4940613 (E.D. Pa. Aug. 13, 2015) ............................................... 12

*Kelm v. Hyatt*,
44 F.3d 415 (6th Cir. 1995) ........................................................................... 13

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO. 3:17-CV-05531-RBL

ii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Loan Payment Admin. LLC, et al. v. Hubanks*,
    No. 14-cv-04420-LHK,
    2015 WL 3776939 (N.D. Cal. June 17, 2015) .................................................... 7

*Machetta v. Moren*,
    No. 16-2377,
    2017 WL 2805192 (S.D. Tex. April 13, 2017) .................................................. 12

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*,
    457 U.S. 423 (1982) .............................................. 6, 9, 10, 12, 13, 16

*Minette v. Minette*,
    162 F. Supp. 3d 643 (S.D. Ohio 2016) ........................................................... 12

*Morning Hill Foods, LLC v. Hoshijo*,
    No. 17-00042-DKW-KSC,
    2017 WL 1712512 (D. Haw. May 2, 2017) .................................................... 13

*Munaf v. Greren*,
    553 U.S. 674 (2008) .................................................................................... 7

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,
    491 U.S. 350 (1989) ............................................................................ 6, 14

*Pennzoil Co. v. Texaco, Inc.*,
    481 U.S. 1 (1987) ....................................................................................... 12

*Pimentel v. Dreyfus*,
    670 F.3d 1096 (9th Cir. 2012) .................................................................... 7

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*,
    754 F.3d 754 (9th Cir. 2014) ...................................................... 7, 10, 12, 15-16

*San Jose Silicon Valley Chamber of Commerce Political
    Action Comm. v. City of San Jose*,
    546 F.3d 1087 (9th Cir. 2008) .................................................................... 14

*Sprint Communications, Inc. v. Jacobs*,
    134 S.Ct. 584 (2013) .............................................................................. 6-13

*State v. Dejarlais*,
    969 P.2d 90 (Wash. 1998) ...................................................................... 9, 13

*State v. Kilburn*,
    84 P.3d 1215 (Wash. 2004) ......................................................................... 14

*State v. Kohonen*,
    370 P.3d 16 (Wash. Ct. App. 2016) ................................................ 14-16, 19-20

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

iii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Steinmetz v. Steinmetz*,
  No. CIV 08-0629 JB/WDS,
  2008 WL 5991009 (D.N.M. Aug. 27, 2008) ........................................ 14

*Thomas v. Piccione*,
  No. 13-425,
  2014 WL 1653066 (W.D. Pa. Apr. 24, 2014)...................................... 11

*United States v. Matusiewicz*,
  84 F. Supp. 3d 363 (D. Del. 2015)........................................................ 19

*United States v. Osinger*,
  753 F.3d 939 (9th Cir. 2014) ................................................................ 19

*Wash. State Grange v. Wash. State Republican Party*,
  552 U.S. 442 (2008)............................................................................. 18

*Washington v. Glucksberg*,
  521 U.S. 702 (1997)............................................................................. 18

*Weinberger v. Romero-Barcelo*,
  456 U.S. 305 (1982)............................................................................... 7

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008)............................................................................. 7, 19

*Younger v. Harris*,
  401 U.S. 37 ................................................................................... passim

## Constitutional Provisions

U.S. Const. amend. I................................................................................. passim

## Statutes

18 U.S.C. § 2261A .......................................................................................... 18

Wash Rev. Code § 7.92.010 ............................................................................. 9

Wash. Rev. Code § 10.14.020 .......................................................................... 5

Wash. Rev. Code § 26.50.110 ........................................................................ 10

Wash. Rev. Code § 26.50.110(3) .................................................................... 11

Wash. Rev. Code § 7.24.110 ............................................................................ 9

Wash. Rev. Code § 7.92.010 ..................................................................... 9, 13

Wash. Rev. Code § 7.92.140(3) ...................................................................... 10

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

iv

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Wash. Rev. Code § 7.92.160 ....................................................................................... 10

Wash. Rev. Code § 7.92.190 ....................................................................................... 15

Wash. Rev. Code § 9.61.260 ..........................................................................2, 14-15, 18-19

Wash. Rev. Code § 9.61.260(1)(b) ...........................................................1, 3-4, 9, 11, 17-20

Wash. Rev. Code § 9A.46.110 ...................................................................................... 5

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

v

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# I. INTRODUCTION

Defendants Robert Ferguson and Tina R. Robinson offer this memorandum in joint response to Plaintiff's Motion for Preliminary Injunction, and as a Cross-Motion to Dismiss. This case should be dismissed because federal abstention is appropriate under *Younger v. Harris*, and even if this Court reached the merits, the standards for a preliminary injunction are not satisfied.

Under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), this Court should deny Richard Rynearson's request for a preliminary injunction, and should dismiss Mr. Rynearson's federal suit. *Younger* holds that a party who is the subject of certain ongoing state criminal or quasi-criminal proceedings cannot seek federal equitable relief to block those proceedings. That is precisely what Mr. Rynearson is attempting to do here. Although Mr. Rynearson alleges that he fears *future* criminal prosecution for speaking on the Internet, his Internet posts have helped make him the *current* subject of a civil anti-stalking protection order case in Bainbridge Island Municipal Court, based in significant part on Wash. Rev. Code § 9.61.260(1)(b), the precise statute he asks this Court to enjoin.

In March 2017, an individual who felt threatened by Mr. Rynearson sought and obtained a temporary stalking protection order against him in Bainbridge Island Municipal Court. The protection order was based in part on allegations that Mr. Rynearson harassed and cyberstalked that individual online. After additional proceedings in the case, Mr. Rynearson filed briefing in the municipal court arguing that the temporary order against him should not be made permanent. His briefing, filed on Tuesday, July 11, 2017, argued that his "actions cannot be prohibited under the First Amendment right of free speech." Just two days later, on Thursday, July 13, 2017, Mr. Rynearson filed this federal lawsuit, alleging that Wash. Rev. Code § 9.61.260(1)(b) violates the First Amendment, and asking that its enforcement be enjoined. The following Monday, July 17, the municipal court affirmed its protection order against Mr. Rynearson, based in part on its finding that Wash. Rev. Code § 9.61.260(1)(b) is

constitutional, does not violate the First Amendment, and proscribes Mr. Rynearson's conduct. On August 16, 2017, Mr. Rynearson appealed the municipal court's order to the Kitsap County Superior Court. That appeal remains pending.

*Younger* abstention is intended to avoid undue federal interference with certain state judicial proceedings. It is based on principles of comity and federalism. It recognizes that claims under the United States Constitution may be raised and adjudicated in state courts, and that an ongoing state proceeding, as an actual "case or controversy," may be a better forum for resolving a constitutional question than a more abstract federal statutory analysis. The fact that a litigant may meanwhile be subject to state prosecution, under a statute that the litigant claims is unconstitutional, is not a bar to *Younger* abstention. To the contrary, *Younger* itself rejected a federal First Amendment injunctive challenge to a California criminal prosecution.

The state stalking protection order case against Mr. Rynearson satisfies the requirements for *Younger* abstention. It is a quasi-criminal proceeding, or a proceeding that involves the State of Washington's interest in enforcing the orders and judgments of its courts. It is an ongoing proceeding in which Mr. Rynearson has not exhausted his remedies, and in which he has the opportunity to raise his First Amendment arguments. Although not cited or discussed by Mr. Rynearson, two Washington state cases already have considered First Amendment challenges to Wash. Rev. Code § 9.61.260. Finally, there is no exception to *Younger* abstention that applies, such as evidence that the state proceeding is characterized by bias or bad faith.

Because *Younger* abstention is appropriate here, this Court should deny Mr. Rynearson's request for a preliminary injunction and an award of attorneys' fees, and dismiss this action. Even if this Court does not find *Younger* abstention appropriate, it should deny Mr. Rynearson's request for a preliminary injunction, because he does not show a likelihood of success on the merits, or that he is likely to suffer irreparable harm.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO. 3:17-CV-05531-RBL

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## II.      FACTS RELEVANT TO MOTION

Mr. Rynearson's Complaint does not mention that he has been the subject of an active stalking protection order case in Bainbridge Island Municipal Court, or that the stalking case is based in part on the online communications at issue here. *Cf.* Complaint (Docket No. 1). Mr. Rynearson's Motion for a Preliminary Injunction also does not discuss his stalking case, although it acknowledges that in February 2017, Mr. Rynearson "made a series of public posts on Facebook criticizing the founder of the Bainbridge Island Japanese-American Exclusion Memorial" (namely Mr. Moriwaki, who obtained the protection orders against Mr. Rynearson). The Motion also acknowledges that Mr. Rynearson's posts "often include invective, ridicule, and harsh language[.]" *See* Motion for Preliminary Injunction (Docket No. 3) at 6-7.

Mr. Rynearson's Declaration in support of his motion does acknowledge the municipal court previously entered a temporary protection order against him. *See* Declaration of Richard Lee Rynearson, III (Docket No. 4) at 7. He admits that the temporary protection order was due in part to his Facebook posts "and other similar online speech." He states that the protection order "requires, among other things, that I remove any public webpages and any Facebook page with Mr. Moriwaki's name," and attaches a copy of the protection order. Rynearson Decl. at 7, Ex. B. Mr. Rynearson states that he would like to resume online speech of the type that is currently barred by the protection order. Rynearson Decl. at 8.

On July 11, 2017, in anticipation of a hearing set for July 17, Mr. Rynearson submitted to the Bainbridge Island Municipal Court extensive briefing on his stalking protection order proceeding, including lengthy arguments that Wash. Rev. Code § 9.61.260(1)(b) violates the First Amendment. *See* Declaration of Darwin P. Roberts (Roberts Decl.) Ex. A. This suit was filed on July 13. On July 17, 2017, the Bainbridge Island Municipal Court issued detailed Findings of Fact and Conclusions of Law on the nature of the interactions between Mr. Rynearson and Mr. Moriwaki, and the legal basis for a stalking protection order against Mr. Rynearson. *See* Roberts Decl. Ex. B (the July 17 order). The court found that Mr.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Moriwaki is "a volunteer director of the Bainbridge Island Japanese-American Exclusion Memorial Association, a non-profit organization that oversees a permanent National Memorial site on Bainbridge Island and promotes education about the internment of Japanese-Americans during World War II." Roberts Decl. Ex. B at 3.

The municipal court's order described Mr. Rynearson's escalating private and public contacts with Mr. Moriwaki between January and March 2017. Roberts Decl. Ex. B at 3-7. The court found that Mr. Rynearson linked the federal government's internment of Japanese-Americans during World War II with the National Defense Authorization Act (NDAA) of 2012, which Mr. Rynearson evidently believes represents a similar threat to individual freedom. Apparently, because Mr. Moriwaki opposes the Japanese internment but has declined to also speak out against the NDAA, Mr. Rynearson chose to focus a great deal of attention on Mr. Moriwaki. The court found that there had been numerous private communications from Mr. Rynearson to Mr. Moriwaki (and vice versa), and public statements on the Internet made by Mr. Rynearson about Mr. Moriwaki. Roberts Decl. Ex. B at 3-7. Mr. Rynearson repeatedly posted online (sometimes several times a day) discussing the NDAA and Mr. Moriwaki, including on the Exclusion Memorial's Facebook page. *Id*. at 3. The court found that Mr. Rynearson further created a Facebook page to criticize Mr. Moriwaki that at first was called "Clarence Moriwaki of Bainbridge Island" and later was called "Not Clarence Moriwaki of Bainbridge Island." *Id*. at 5. Mr. Rynearson also created memes about Mr. Moriwaki using Mr. Moriwaki's image, and paid Facebook to advertise Mr. Rynearson's statements about Mr. Moriwaki. *Id*. at 6. Mr. Moriwaki repeatedly asked Mr. Rynearson to stop his private and public communications, but Mr. Rynearson refused to do so. After Mr. Moriwaki told Mr. Rynearson to "Leave me alone" and said "We are done," Mr. Rynearson responded "Oh, we're not done." *Id*. at 5-6. The court found that Mr. Rynearson's communications and conduct caused Mr. Moriwaki to feel harassed, anxious, sleepless, upset, and intimidated. *Id*. at 6.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

The municipal court's Conclusions of Law cited cyberstalking, in violation of Wash. Rev. Code § 9.61.260(1)(b), as a primary basis to grant Mr. Moriwaki a protection order against Mr. Rynearson. Roberts Decl. Ex. B at 8. The court noted that Mr. Rynearson had made First Amendment arguments to the contrary: that his "actions cannot be prohibited under the First Amendment right of free speech," and that "he has a right to attack Moriwaki as a public figure." *Id*. The court rejected these arguments, concluding that Mr. Rynearson "has no lawful or free speech purpose in carrying out [his] actions" and instead was acting with the "true purpose" to "harass, intimidate, torment, and embarrass Moriwaki and to cause harm to his community reputation." *Id*. The court also concluded by a preponderance of the evidence that Mr. Rynearson's actions had met the elements of other Washington statutes, including stalking in violation of Wash. Rev. Code § 9A.46.110, and unlawful harassment in violation of Wash. Rev. Code § 10.14.020. Roberts Decl. Ex. B at 8. It therefore upheld the order which had required Mr. Rynearson to stay away from Mr. Moriwaki and "remove public webpages/facebook page with Petitioner's name." *See* Rynearson Decl. Ex. B at 20.

On August 16, 2017, Mr. Rynearson appealed the decision of the municipal court to the Kitsap County Superior Court. *See* Roberts Decl. Ex. D.

## III. ARGUMENT

### A. The principles of *Younger* abstention

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court recognized that "[s]ince the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43. In *Younger*, John Harris was the subject of a pending criminal prosecution in California state court and brought a federal suit in an attempt to thwart that prosecution. He challenged the California "Criminal Syndicalism Act" as facially unconstitutional under the First Amendment and asked that it be enjoined, halting his prosecution.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

The Supreme Court rejected Harris's request, holding that to federally enjoin the state prosecution would be "fundamentally at odds with the function of the federal courts in our constitutional plan." *Id*. at 52. The "vital" power to declare statutes unconstitutional, "broad as it is, does not amount to an unlimited power to survey the statute books and pass judgment on laws before the courts are called upon to enforce them." *Id*. The Court also held that

> [the potential] existence of a "chilling effect," even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action. . . Just as the incidental "chilling effect" of [some] statutes does not automatically render them unconstitutional, so the chilling effect that admittedly can result from the very existence of certain laws on the statute books does not in itself justify prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution.

*Younger*, 401 U.S. at 51-52. Accordingly, the Court held that the federal courts should abstain in favor of allowing the California courts to resolve any constitutional claims by Harris.

*Younger* has since been held to apply to certain classes of state civil proceedings, "in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (citing *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350 (1989) (*NOPSI*)). *Sprint* was the Supreme Court's most recent statement on the proper scope of *Younger* abstention in civil proceedings. The Court explained that the limited, "exceptional" circumstances fitting within the *Younger* doctrine "include, as catalogued in *NOPSI*, 'state criminal prosecutions,' 'civil enforcement proceedings,' and 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.' " *Sprint*, 134 S. Ct. at 588 (citing *NOPSI*, 491 U.S. at 367-68).

The *Sprint* Court also held that courts should consider the so-called "*Middlesex* conditions" as "not dispositive" but rather "*additional* factors appropriately considered by the federal court before invoking *Younger*." *Id*. at 593 (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433-35 (1982)). The *Middlesex* factors ask whether

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO. 3:17-CV-05531-RBL

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

there is "(1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) provides an adequate opportunity to raise [federal] challenges." *Middlesex*, 457 U.S. at 433-35 alteration in original); *see also ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 757-60 (9th Cir. 2014) (describing the *Younger* abstention analysis post-*Sprint*). The date for determining whether *Younger* applies "is the date the federal action is filed." *ReadyLink*, 754 F.3d at 759 (citing *Gilbertson v. Albright*, 381 F.3d 965, 969 n. 4 (9th Cir. 2004)).

## B. Legal standards for a preliminary injunction

A preliminary injunction is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Greren*, 553 U.S. 674, 689-90 (2008)). In each case, the court must balance the competing claims and consider the effects on each party, paying "'particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Winter*, 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)). The party seeking injunctive relief bears the burden of establishing that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20.

Under the Ninth Circuit's "sliding scale" approach, the court balances the elements so that a "stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). At "'an irreducible minimum,'" however, "'the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation,'" in addition to establishing the other three factors, before relief may be granted. *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012) (quoting *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir.2009)).

When the federal courts deem abstention appropriate, they routinely reject plaintiffs' requests for equitable relief. *See, e.g., Loan Payment Admin. LLC v. Hubanks*, No. 14-cv-

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO. 3:17-CV-05531-RBL

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

04420-LHK, 2015 WL 3776939 (N.D. Cal. June 17, 2015) (applying *Younger* abstention and rejecting injunction); *Fund v. City of New York*, No. 14-cv-2958-KPF, 2014 WL 2048204 (S.D.N.Y. May 19, 2014) (applying *Younger* abstention and rejecting temporary restraining order).

## C. *Younger* abstention is appropriate in this case

The protection order proceeding against Mr. Rynearson is an appropriate basis for *Younger* abstention as either (1) a "civil enforcement proceeding" that is "akin to a criminal prosecution," or (2) a civil proceeding that "implicates a State's interest in enforcing the orders and judgments of its courts[.]" *Sprint*, 134 S. Ct. at 588, 591.

### 1. The stalking protection order proceeding qualifies for abstention as a civil enforcement proceeding "akin to a criminal prosecution"

*Sprint* held that "[o]ur decisions applying *Younger* to instances of civil enforcement have generally concerned state proceedings 'akin to a criminal prosecution' in 'important respects.'" *Sprint*, 134 S. Ct. at 592 (citing *Huffman v. Pursue, Inc.*, 420 U.S. 592, 604 (1975)). In *Huffman*, the Court found *Younger* abstention appropriate when an Ohio sheriff and prosecuting attorney attempted to bring a state-law civil nuisance action against the operators of a cinema showing "obscene" films. It held that this proceeding

> in important respects is more akin to a criminal prosecution than are most civil cases. The State is a party. . . and the proceeding is both in aid of and closely related to criminal statutes which prohibit the dissemination of obscene materials. Thus, an offense to the State's interest in the nuisance litigation is likely to be every bit as great as it would be were this a criminal proceeding.

*Huffman*, 420 U.S. at 604. The Court added that the injunction issued by the district court "has disrupted [the] State's efforts to protect the very interests which underlie its criminal laws and to obtain compliance with precisely the standards which are embodied in its criminal laws." *Id.* at 605; *see also Sprint*, 134 S. Ct. at 592 (civil enforcement cases appropriate for *Younger* abstention "are characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act").

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO. 3:17-CV-05531-RBL

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

It is true that the state is not currently a *named* party to the stalking protection order proceeding. *Cf. Sprint*, 134 S. Ct. at 592 (noting that "a state actor is routinely a party to the state proceeding"). But Washington's protection order procedure, in which an individual victim may initiate a petition for an order, represents a conscious strategy by the State to allow the victim to quickly and directly invoke state authority to shield that victim from a threatening person. The legislative findings in the stalking protection order statute state that "victims of stalking conduct deserve the same protection and access to the court system as victims of domestic violence and sexual assault…." Wash. Rev. Code § 7.92.010.[1] Importantly, for these reasons, a Washington protection order proceeding is *not* classified as a "civil dispute between two private parties." C*f. Sprint*, 134 S. Ct. at 593. The Washington Supreme Court has held that because a protection order is granted by the state courts based on prerequisites established by law, and intended by the Legislature to combat the "immense" social problems associated with domestic violence, it is not "a private right of enforcement" and may not "be waived by the victim." *State v. Dejarlais*, 969 P.2d 90, 91-93 (Wash. 1998). In addition, if Mr. Rynearson continues to challenge the constitutionality of Wash. Rev. Code § 9.61.260(1)(b) in his appeal before the superior court, the State of Washington will be authorized to appear as a party to that action. *See* Wash. Rev. Code § 7.24.110.

Many other aspects of the stalking protection order proceeding make it clearly "akin to a criminal prosecution" in the ways that the federal courts have found to meet the *Younger* test. It was "initiated to sanction the federal plaintiff," Mr. Rynearson, for alleged "wrongful act[s]" he committed. *See Sprint*, 134 S. Ct. at 592 (citing *Middlesex*, 457 U.S. at 433-34). It involves a deprivation of Mr. Rynearson's liberty, restricting his freedom of movement and action. *See* Rynearson Decl. Ex. B at 20-21 (requiring Mr. Rynearson to stay away from Mr. Moriwaki and remove online postings about him). In addition to restricting Mr. Rynearson's right to

---

[1] The Legislature added "and this protection can be accomplished without infringing on constitutionally protected speech or activity." Wash Rev. Code § 7.92.010.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO. 3:17-CV-05531-RBL

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    come near Mr. Moriwaki or communicate with him, the temporary order required Mr.

2    Rynearson to surrender nine firearms. *See* Roberts Decl. Ex. B at 1. The order was imposed by

3    a judge based on facts that could constitute the elements of a criminal offense. *Id*. at 8.

4           Also consistent with the quasi-criminal nature of the proceeding, the law by default

5    requires law enforcement personnel to serve the protection order on its subject. Wash. Rev.

6    Code § 7.92.150. The order in this case was served by the police department. *See* Rynearson

7    Decl. at 21. Although the order in this case was requested by Mr. Moriwaki, an order can be

8    imposed at the initiative of the court in appropriate cases. *See* Wash. Rev. Code § 7.92.160. A

9    violation of the order can be prosecuted as a gross misdemeanor. Wash. Rev. Code

10   § 7.92.140(3); Wash. Rev. Code § 26.50.110. Mr. Rynearson submits an email from the county

11   prosecuting attorney's office stating that it was reviewing whether to prosecute Mr. Rynearson

12   based on the status of Mr. Rynearson's *compliance with the no-contact order*. *See* Rynearson

13   Decl. Ex. C at 23 (June 15, 2017, email from deputy prosecuting attorney stating "I am going

14   to sit on it [the matter] with the hope that Mr. Rynearson abides by the NCO that's in place").

15          These characteristics demonstrate that the stalking protection order proceeding is "akin

16   to a criminal prosecution," consistent with the cases in which courts have applied *Younger*

17   abstention, such as the nuisance action in *Huffman* and the bar conduct investigation in

18   *Middlesex*. In contrast, cases that the courts have found not to warrant *Younger* abstention as

19   "quasi-criminal" involve private disputes that are not analogous to Washington's protection

20   order system. *See, e.g.*, *Sprint*, 134 S. Ct. at 593 (holding that a dispute between private parties

21   before the Iowa Utilities Board was not "akin to a criminal prosecution"); *ReadyLink*, 754 F.3d

22   at 757-60 (holding that state insurance commissioner's approval of an insurance fund's

23   premium calculation "plainly was not a civil enforcement proceeding"). This Court therefore

24   should find that the protection order proceeding is "akin to a criminal action" and qualifies for

25   *Younger* abstention.

26

DEFENDANTS' RESPONSE TO                    10            ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S MOTION FOR                                              1125 Washington Street SE
PRELIMINARY INJUNCTION                                                    PO Box 40100
                                                                     Olympia, WA 98504-0100
                                                                          (360) 753-6200
AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

**2.  The stalking protection order proceeding involves the State's interest in enforcing the orders and judgments of its courts**

Even if this Court were to find that the stalking protection order proceeding is not sufficiently akin to a criminal action, the proceeding also qualifies for *Younger* abstention based on the other civil category set forth in *Sprint*: as a state civil proceeding that "implicate[s] a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 134 S. Ct. at 588. Mr. Rynearson states in his federal pleadings that he "wishes to engage in" certain speech. Currently, he is prohibited from doing so by the municipal court's protection order based on Wash. Rev. Code § 9.61.260(1)(b). If Mr. Rynearson violates the protection order, it would constitute contempt of court under Wash. Rev. Code § 26.50.110(3). But Mr. Rynearson now requests that this Court intervene, "declare unconstitutional" Wash. Rev. Code § 9.61.260(1)(b), and generally enjoin its enforcement. *See* Complaint at 6-7. If this Court issues his requested injunction, it would interfere with the State's judicial functions and its enforcement of its orders and judgments.

The Supreme Court discussed this basis for *Younger* abstention in *Juidice v. Vail*, 430 U.S. 327 (1977). In *Juidice*, a state court had entered a default judgment against a defendant in state litigation and then eventually ordered him jailed for contempt. *Id.* at 327-29. That defendant then sued the state court judges in federal court, asking the federal court to enjoin the State's use of its civil contempt procedures. The Supreme Court rejected this request, holding that

> [a] State's interest in the contempt process, though which it vindicates the regular operation of its judicial system, so long as that system itself affords the opportunity to pursue federal claims within it, is surely an important interest. Perhaps it is not quite as important as is the State's interest in the enforcement of its criminal laws, *Younger*, or even its interest in the maintenance of a quasi-criminal proceeding such as was involved in *Huffman*. But we think it is of sufficiently great import to require application of the principles of those cases. The contempt power lies at the core of the administration of a State's judicial system.

DEFENDANTS' RESPONSE TO                          11                 ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S MOTION FOR                                                      1125 Washington Street SE
PRELIMINARY INJUNCTION                                                            PO Box 40100
                                                                              Olympia, WA 98504-0100
                                                                                  (360) 753-6200
AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

*Juidice*, 430 U.S. at 335. More recently, a federal district court cited *Juidice* in granting *Younger* abstention against an attempt to interfere with the Pennsylvania state courts. In *Thomas v. Piccione*, No. 13-425, 2014 WL 1653066 (W.D. Pa. Apr. 24, 2014), the court rejected a federal plaintiff's request to order a state judge to recuse himself from a state child-custody action (on the grounds of prejudice). The court stated that to grant the plaintiff's request would interfere with Pennsylvania's own recusal process and thereby would impair Pennsylvania's "important interest in protecting the authority and judicial functions of its court." It therefore found *Younger* abstention appropriate. *Id.* at *3-5; *see also Middlesex*, 457 U.S. at 432 ("[p]roceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation" (citing *Juidice*, 430 U.S. 327)); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987).

Following the Supreme Court's holdings in cases including *Sprint* and *Juidice*, a number of other federal courts have found this basis for *Younger* abstention appropriate when there are pending state proceedings involving legal disputes between private parties in the field of domestic relations and child custody. *See, e.g.*, *Machetta v. Moren*, No. 16-2377, 2017 WL 2805192 (S.D. Tex. Apr. 13, 2017); *Minette v. Minette*, 162 F. Supp. 3d 643 (S.D. Ohio 2016); *Karl v. Cifuentes*, No. 15-2542, 2015 WL 4940613 (E.D. Pa. Aug. 13, 2015).

As in *Juidice*, *Thomas*, and the other cases cited above, this Court should not allow Mr. Rynearson to seek federal court relief that would interfere with the state court's enforcement of its judgments. His request here is to eliminate the danger of his being held in state contempt by federally enjoining enforcement of the state statute that is a primary basis for the protection order against him. This threat against the State's authority qualifies as a reason for *Younger* abstention, and this Court should find abstention appropriate on this ground as well.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO. 3:17-CV-05531-RBL

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**D.    The *Middlesex* factors also support *Younger* abstention here**

*Sprint* instructs that even if a case is found to qualify under one of the *Younger* categories discussed above, the courts still should consider the three *Middlesex* factors in reviewing whether abstention is appropriate. Again, these factors are whether there is (1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal challenges. *Sprint*, 134 S. Ct. at 593; *ReadyLink*, 754 F.3d at 758.

The *Middlesex* factors are satisfied here. First, there is an ongoing state proceeding. As noted above, the date of filing of the federal action is dispositive for this purpose. *ReadyLink*, 754 F.3d at 759. On the day Mr. Rynearson filed this federal action, Thursday, July 13, 2017, the temporary stalking protection order already had been lodged against him for several months; he had just submitted briefing on whether that order should be made permanent; and he was awaiting the imminent decision of the municipal court at a hearing scheduled Monday, July 17. In addition, Mr. Rynearson has not exhausted his state appellate remedies, and in fact is actively pursuing an appeal. Roberts Decl. Ex. D. This also makes state proceedings "ongoing" for *Younger* purposes. *See, e.g.*, *Morning Hill Foods, LLC v. Hoshijo*, No. 17-00042-DKW-KSC, 2017 WL 1712512, at *6 (D. Haw. May 2, 2017) (citing *Dubinka v. Judges of Superior Court of State of Cal. for Cty. of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994); *Huffman*, 420 U.S. at 607-11). There is no question that this *Middlesex* factor is satisfied.

Second, the municipal court anti-stalking proceeding against Mr. Rynearson enforces an important state interest, namely, the protection of persons from harassment and interpersonal violence. The State of Washington's anti-stalking laws are part of a state strategy to use the power of the courts and state law enforcement to protect persons in Washington from domestic and interpersonal violence and threats. *See, e.g.*, Wash. Rev. Code § 7.92.010 (reciting legislative findings that stalking, like other domestic violence conduct, imposes significant costs on the state); *Dejarlais*, 969 P.2d at 92-93 (domestic violence protection order

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

13

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

statute "reflects the Legislature's belief that the public has an interest in preventing domestic violence" due to its "immense" associated social problems). Consistent with this, multiple federal courts have recognized that domestic violence prevention constitutes an "important state interest" for purposes of *Younger* abstention. *See, e.g.*, *Kelm v. Hyatt*, 44 F.3d 415, 419-20 (6th Cir. 1995) (under *Younger* analysis, "Ohio has great state interests in regulating domestic violence"); *Steinmetz v. Steinmetz*, No. CIV 08-0629 JB/WDS, 2008 WL 5991009, at *10 (D.N.M. Aug. 27, 2008) (under *Younger*, domestic violence proceedings "implicate important state interests"); *Cole v. Montgomery*, No. 4:14-cv-4462-RMG, 2015 WL 2341721, at *7 (D.S.C. May 12, 2015) (same, citing *Kelm*). Nevertheless, a range of state interests qualify as "important." *See, e.g.*, *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1094 (9th Cir. 2008) (citing *NOPSI*, 491 U.S. at 369-73, and finding that regulating the conduct of local elections constituted an "important state interest").

Third, Mr. Rynearson will have an adequate opportunity in the state proceeding to raise constitutional challenges. Two Washington courts (in opinions not cited by Mr. Rynearson) already have considered constitutional challenges to Wash. Rev. Code § 9.61.260. In *State v. Kohonen*, 370 P.3d 16 (Wash. Ct. App. 2016), the Washington Court of Appeals considered whether a high school student who used Twitter to broadcast superficially threatening statements about a peer could be prosecuted as a juvenile for misdemeanor cyberstalking under Wash. Rev. Code § 9.61.260. The juvenile court adjudicated the student guilty, and the superior court denied her motion to revise, but the Court of Appeals reversed. The Court of Appeals affirmed that under the First Amendment, a threat cannot be criminally prosecuted unless it constitutes a "true threat," "because of the danger that the criminal statute will be used to criminalize pure speech and impinge on First Amendment rights." *Kohonen*, 370 P.3d at 21 (citing *State v. Kilburn*, 84 P.3d 1215, 1221-25 (Wash. 2004)). The court concluded that under applicable case law, "insufficient evidence was presented that the tweets constituted true

<table>
<tr><td>DEFENDANTS' RESPONSE TO<br>PLAINTIFF'S MOTION FOR<br>PRELIMINARY INJUNCTION<br><br>AND CROSS MOTION TO DISMISS<br>NO. 3:17-CV-05531-RBL</td><td>14</td><td>ATTORNEY GENERAL OF WASHINGTON<br>1125 Washington Street SE<br>PO Box 40100<br>Olympia, WA 98504-0100<br>(360) 753-6200</td></tr>
</table>

threats," as a "reasonable person in [the student's] position" would not have interpreted them that way. The court dismissed the case with prejudice. *Id*. at 25.

In *City of Bellingham v. Dodd*, in the City of Bellingham Municipal Court, a cyberstalking prosecution under Wash. Rev. Code § 9.61.260 was dismissed as unconstitutional. *See* Roberts Decl. Ex. C (*City of Bellingham v. Dodd*, CB 93720, Ruling Re: Mot. to Dismiss (Sept. 30, 2016)) (unpublished). In *Dodd*, the defendant, apparently angry at another individual, made two posts to Craigslist. One post described the targeted individual as having a sexually transmitted disease; the other contained a partially nude photograph of the targeted individual, along with the individual's address and telephone number, and the message "Anyone want to hang out?" Roberts Decl. Ex. C at 2. The defendant challenged Wash. Rev. Code § 9.61.260 on the grounds that the statute is unconstitutionally overbroad. The court agreed, writing that

> one aspect of the statute, challenged by the Defendant, that is particularly troubling is found in [Wash. Rev. Code §] 9.61.260(1)(b), which prohibits a speaker with the required *mens rea* from making electronic communications "anonymously or repeatedly whether or not conversation occurs." An electronic communication that doesn't violate [Wash. Rev. Code §] 9.61.260(1)(a) or [Wash. Rev. Code §] 9.61.260(1)(c) may be rendered criminal merely because it is repeated or made anonymously. An intentionally embarrassing online comment is legal if made once but illegal if made twice, regardless of whether the comment even reaches the victim. . . . It is difficult to imagine what compelling state interest is served by these distinctions.

Roberts Decl. Ex. C at 8-9. The court further found that "[t]his statute regulates speech intended to embarrass, but embarrassment alone is not sufficient to justify regulating protected speech," and that the statute "is not narrowly drawn to protect the government's legitimate interests" and therefore "overbroad." It also concluded that the unconstitutional provisions of the statute were not severable, and declared the statute unconstitutional in its entirety. Roberts Decl. Ex. C at 11-14.[2]

---

[2] This citation to *Dodd* notwithstanding, the Office of the Attorney General respectfully contends that the statute is not unconstitutional in its entirety. *See* pp. 17-20, below. The present point is merely to illustrate that state courts stand ready to fully consider Mr. Rynearson's arguments.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO. 3:17-CV-05531-RBL

15

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Kohonen* and *Dodd* demonstrate that First Amendment-based constitutional arguments are fully available to Mr. Rynearson in state court. Mr. Rynearson could have sought modification or termination of the stalking protection order. *See* Wash. Rev. Code § 7.92.190. Instead he is seeking review in the superior court. Roberts Decl. Ex. D; *see also In re Marriage of Freeman*, 239 P.3d 557, 559-60 (Wash. 2010) (discussing standards of review for protection orders). Accordingly, the third and final *Middlesex* factor is satisfied.

**E.      An injunction would have the effect of enjoining the state proceedings**

If the other "threshold elements" of *Younger* abstention are met, a court must "then consider whether the federal action would have the practical effect of enjoining the state proceedings." *ReadyLink*, 754 F.3d at 759 (citing *Gilbertson*, 381 F.3d at 978, 983-84). There is no question in this case that the injunction would have that effect, because that is precisely the remedy that Mr. Rynearson requests from this Court. Mr. Rynearson states that he wishes to resume making statements and communications about Mr. Moriwaki, but feels he cannot do so while the state statute (and state protection order) are in place, and asks this Court to intervene to protect him. *See* Rynearson Decl. at 7-8. This too makes abstention appropriate.

**F.      No other exception to *Younger* applies**

Finally, a court considering *Younger* abstention also must consider whether any other exception to *Younger* applies. *ReadyLink*, 754 F.3d at 759 (citing *Gilbertson*, 381 F.3d at 978, 983-84). These exceptions include a state proceeding that is being conducted in "bad faith," or a statute that is "flagrantly" unconstitutional under a very specific standard set forth in *Younger* itself. Neither applies here.

First, the state proceedings are plainly not being conducted in bad faith. Extensive evidence was submitted of Mr. Rynearson's unwelcome contacts with Mr. Moriwaki. The municipal court did not agree with Mr. Rynearson's First Amendment arguments, but it did not disregard them. This also is not a repeated prosecution of Mr. Rynearson; instead, it appears to be the first proceeding brought against him on this basis in Washington. There is no case law

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

supporting the "bad faith" exception in this context. *Cf. Dombrowski v. Pfister*, 380 U.S. 479 (1965) (bad faith based upon repeated harassing prosecutions by state officials and a lack of a state court remedy).

Second, the *Younger* exception for "flagrant unconstitutionality" is inapplicable here. In *Younger*, the Supreme Court held that while it might hypothetically be appropriate to decline abstention in some situation involving a statute that was "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it," nevertheless "the possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith efforts to enforce it[.]" *Younger*, 401 U.S. at 53-54. Neither the Supreme Court nor the Ninth Circuit has ever invoked the "flagrantly and patently violative" exception to decline *Younger* abstention in a case where it otherwise was appropriate. As the Ninth Circuit held in *Dubinka*, "[t]he refusal to apply [this] exception in the *Younger* case, itself, illustrates the narrowness of this exception: in *Younger*, the federal plaintiff could not bring himself within this exception even though the statute under which he was indicted—the California Criminal Syndicalism Act—had been effectively invalidated the previous year in *Brandenburg v. Ohio*, 395 U.S. 444 (1969)". *Dubinka*, 23 F.3d at 225 (citing *Younger*, 401 U.S. at 40-41). Wash. Rev. Code § 9.61.260 plainly does not rise to this standard. Even Mr. Rynearson does not challenge "every clause, sentence and paragraph" of the statute, focusing instead on one partial subsection. For these reasons, this *Younger* exception also does not apply.

## G. Even if *Younger* abstention were not appropriate, this Court should deny a preliminary injunction

The *Younger* analysis requires no further consideration of the challenged statute's constitutionality. If the Court concludes that the arguments above are correct and abstention is appropriate, the Court's inquiry is at an end and this case should be dismissed.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO. 3:17-CV-05531-RBL

17

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

However, even if the Court deems abstention inappropriate and turns to the plaintiff's First Amendment arguments, the Court should deny Mr. Rynearson's request for a preliminary injunction. Mr. Rynearson cannot show a likelihood of success on his First Amendment claims, or that he is likely to suffer irreparable harm if an injunction is not granted.

1. **Mr. Rynearson fails to show a likelihood of success on his facial constitutional challenge, because Wash. Rev. Code § 9.61.260(1)(b) can be constitutionally applied**

Mr. Rynearson brings this case as a facial challenge to the constitutionality of Wash. Rev. Code § 9.61.260(1)(b). Complaint, ¶ 18. But even in a First Amendment setting, "a facial challenge must fail where the statute has a "'plainly legitimate sweep.'" *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 739-40, n.7 (1997) (Stevens, J., concurring in judgments)). Mr. Rynearson has not demonstrated that Wash. Rev. Code § 9.61.260(1)(b) can have no plainly legitimate sweep.

The statute provides, in pertinent part:

> (1) A person is guilty of cyberstalking if he or she, with intent to harass, intimidate, torment, or embarrass any other person, and under circumstances not constituting telephone harassment, makes an electronic communication to such other person or a third party:
>
> . . .
>
> (b) Anonymously or repeatedly whether or not conversation occurs.

Wash. Rev. Code § 9.61.260(1)(b). Certainly there are occasions in which a person may be criminally prosecuted for making an electronic communication with the intent to harass, intimidate, or torment another anonymously or repeatedly. The possibility that this may occur under conditions giving rise to an as-applied challenge is not before the Court. As the Supreme Court has cautioned, "[I]n determining whether a law is facially invalid, we must be careful not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases." *Wash. State Grange*, 552 U.S. at 449-50.

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

18

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Mr. Rynearson also overstates the First Amendment arguments against Wash. Rev. Code § 9.61.260. The highest court so far to consider the constitutionality of Wash. Rev. Code § 9.61.260 has been the Washington Court of Appeals in *Kohonen*. Other "cyberstalking" statutes, including the federal cyberstalking statute, 18 U.S.C. § 2261A, have been upheld against constitutional attack. *See, e.g.*, *United States v. Osinger*, 753 F.3d 939 (9th Cir. 2014); *United States v. Matusiewicz*, 84 F. Supp. 3d 363 (D. Del. 2015) (same); *Burroughs v. Corey*, 92 F. Supp. 3d 1201 (M.D. Fla. 2015) (upholding Florida stalking statute against First Amendment claim). The Ninth Circuit upheld the federal cyberstalking statute on the basis that criminalized a course of conduct, rather than speech. *Osinger*, 753 F.3d at 944. The Washington statute is similar, punishing a course of conduct by anonymously or repeatedly acting to harass a person. The statute punishes this act of harassment, rather than the content of the speech. For example, on the facts of this case, had Mr. Rynearson simply expressed disagreement with Mr. Moriwaki's position on the NDAA, no claim would arise. It was the conduct of harassing him, rather than the content of Mr. Rynearson's speech, that arguably supported the restraining order. For this reason, even if the merits of this facial challenge were properly before this Court, Wash. Rev. Code § 9.61.260(1)(b) should survive that facial challenge.

### 2. Mr. Rynearson cannot demonstrate he is likely to suffer irreparable harm in the absence of preliminary relief

An injunction is inappropriate if Mr. Rynearson cannot demonstrate he is likely to suffer irreparable harm in the absence of preliminary relief. *See, e.g.*, *Winter*, 555 U.S. at 20. As described above, Mr. Rynearson is being prevented from speaking publicly about Mr. Moriwaki by an active protection order entered against him by the Bainbridge Island Municipal Court. But Mr. Rynearson *has a remedy* for that alleged harm even in the absence of injunctive relief from this Court: he is actively pursuing an appeal of the protection order from the municipal court to the superior court, where he can renew his First Amendment challenge.

The availability of this remedy further emphasizes that his claimed "injury" is purely speculative. Mr. Rynearson cannot credibly allege that he faces irreparable harm due to his fear of a hypothetical criminal prosecution while he seeks what may be complete state court relief from the sanctions already imposed on him, and challenges the constitutionality of Wash. Rev. Code § 9.61.260(1)(b) in the state forum.

Mr. Rynearson's argument that he faces a threat of imminent criminal prosecution under the state cyberstalking statute also is undermined by the evidence he himself submitted in this case. The correspondence from the prosecutor attached to Mr. Rynearson's declaration indicates the prosecutor was focused on Mr. Rynearson's compliance with the protection order proceeding, not the substance of his underlying conduct and whether that constituted criminal cyberstalking. *See* Rynearson Decl. Ex. C at 23. This may well be because, as *Kohonen* and *Dodd* demonstrate, the Washington courts already are assessing the extent to which Wash. Rev. Code § 9.61.260 is constitutional under the First Amendment. Active questions regarding the constitutionality of a statute will affect whether prosecutors choose to file charges under that statute. This renders Mr. Rynearson's fear of "irreparable harm" even more speculative.

All of these issues surrounding Mr. Rynearson's ongoing state proceedings establish that an injunction would be inappropriate here. But they demonstrate even more plainly why *Younger* abstention should apply.

## IV.    CONCLUSION

The stalking protection order proceeding against Mr. Rynearson is a quasi-criminal proceeding, and it is a proceeding implicating the State's interest in enforcing the orders and judgments of its courts. Issuing an injunction against the challenged statute would impair Washington's important state interest in its system for protection orders. The First Amendment challenge to Wash. Rev. Code § 9.61.260(1)(b) that Mr. Rynearson seeks to raise here is also available in his state proceeding, which was ongoing at the time he filed this federal suit. For all these reasons, this Court should find that *Younger* abstention is appropriate. The Court

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

20

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

should deny Mr. Rynearson's request for an injunction and an award of attorneys' fees, and dismiss this action.

DATED this 30th day of August, 2017.

ROBERT W. FERGUSON
   *Attorney General*

s/*Darwin P. Roberts*
DARWIN P. ROBERTS, WSBA 32539
   *Deputy Attorney General*

JEFFREY T. EVEN, WSBA 20367
   *Deputy Solicitor General*

PO Box 40100
Olympia, WA 98504-0100
360-753-6200
DarwinR@atg.wa.gov
JeffE@atg.wa.gov

Attorneys for Robert W. Ferguson
Attorney General of the State of Washington

TINA R. ROBINSON
   *Kitsap County Prosecuting Attorney*

s/ *Ione S. George*
IONE S. GEORGE, WSBA No. 18236
   *Chief Deputy Prosecuting Attorney*
CHRISTINE M. PALMER, WSBA No. 42560
   *Deputy Prosecuting Attorney*
614 Division Street, MS-35A
Port Orchard, WA 98366-4676

Attorneys for Defendant Tina R. Robinson

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

AND CROSS MOTION TO DISMISS
NO. 3:17-CV-05531-RBL

21

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

## CERTIFICATE OF SERVICE

2

I certify, under penalty of perjury under the laws of the state of Washington, that I

3

electronically filed a true and correct copy of the foregoing document with the United States

4

District Court ECF system, which will send notification of the filing to the following:

5

6

Eugene Volokh
Scott & Cyan Banister First Amendment Clinic

7

UCLA School of Law
405 Hilgard Avenue
Los Angeles, CA 90095

8

volokh@law.ucla.edu

9

Venkat Balasubramani
Garrett Heilman

10

Focal PLLC
900 1st Avenue S., Suite 201

11

Seattle, WA 98134
Venkat@focallaw.com

12

Garrett@focallaw.com

13

Judith A. Endejan
Garvey Schubert Barer

14

1191 Second Avenue, 18th floor
Seattle, WA 98101

15

jendejan@gsblaw.com

16

Ione S. George
Christine M. Palmer

17

Kitsap County Prosecuting Attorney
614 Division Street, MS-35A

18

Port Orchard, WA 98366-4676

19

20

DATED this 30th day of August, 2017.

21

22

s/ *Stephanie N. Lindey*
STEPHANIE N. LINDEY

23

*Legal Assistant*

24

25

26