THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD L. RYNEARSON, III | NO. 3:17-cv-5531-RBL |
| Plaintiff, | |
| v. | PLAINTIFF'S OPPOSITION TO DEFENDANT ROBINSON'S MOTION TO DISMISS |
| ROBERT FERGUSON, Attorney General of the State of Washington, | |
| and | NOTED ON MOTION CALENDAR: September 15, 2017 |
| TINA R. ROBINSON, Prosecuting Attorney for Kitsap County, | |
| Defendants. | |

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

1

## TABLE OF CONTENTS

2    I.      INTRODUCTION ................................................................................................ 1

3    II.     ARGUMENT ...................................................................................................... 1

4            A.      Ninth Circuit law clearly permits a claim for equitable relief under 42
                     U.S.C. § 1983 ........................................................................................... 1
5
             B.      The credible possibility of prosecution is sufficient constitutional injury ............. 2
6
             C.      Prosecutors are not immune from injunctions prohibiting unconstitutional
7                    actions ..................................................................................................... 5

8    III.    CONCLUSION .................................................................................................. 6

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S OPPOSITION TO DEFENDANT ROBINSON'S
MOTION TO DISMISS
CASE NO. 3:17-cv-5531-RBL - ii

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

# I.    INTRODUCTION

Defendant Tina Robinson, Kitsap County Prosecuting Attorney, aims her motion to dismiss against a claim for damages under 42 U.S.C. § 1983.  The motion is misguided because there is no such claim here.  Plaintiff Richard Rynearson is not bringing a claim for damages under section 1983; he is bringing a claim to enjoin future enforcement of a facially unconstitutional statute.  *See* Complaint, Dkt. 1, at 7 (hereafter "Compl.") (prayer for relief).  The three grounds for dismissal asserted by Defendant Robinson all fail because:

1) Section 1983 provides a cause of action for pre-enforcement injunctive relief to prohibit enforcement of an unconstitutional law, and even if it did not, no statutory cause of action is required.

2) A credible possibility of prosecution is sufficient to create constitutional injury and to permit such a claim to go forward, and no filing of charges (or any other act) by the prosecutor is needed.

3) Prosecutorial immunity extends only to claims for damages against a prosecutor in her personal capacity, and no such claim is made in the complaint.

Defendant Robinson is a proper defendant, in her official capacity, because (as she does not deny) she enforces Washington's criminal laws—including the facially unconstitutional cyberstalking statute—in Kitsap County.  The relief sought by Mr. Rynearson is to enjoin her, preliminarily and permanently, from enforcing that law.  Her motion to dismiss should thus be denied.

# II.    ARGUMENT

## A.    Ninth Circuit law clearly permits a claim for equitable relief under 42 U.S.C. § 1983

Defendant Robinson surmises that Mr. Rynearson is bringing a "claim for damages pursuant to 42 U.S.C. § 1983" because section 1983 was cited in the jurisdictional portion of the complaint and the complaint requests attorneys' fees under 42 U.S.C. § 1988, which Defendant Robinson contends are unavailable for a declaratory judgment claim under 28 U.S.C. § 2201.  Def. Robinson Mot. to Dismiss, Dkt. 20, at 3-4 (hereinafter "Mot.").

PLAINTIFF'S OPPOSITION TO DEFENDANT ROBINSON'S
MOTION TO DISMISS
CASE NO. 3:17-cv-5531-RBL - 1

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

This argument reflects a misunderstanding of the complaint.  Mr. Rynearson is not bringing a claim for damages, nor a claim limited to declaratory relief.  He is bringing a claim for both injunctive and declaratory relief based on the facial unconstitutionality of RCW 9.60.261(1)(b).  *See* Compl., at 7 (prayer for relief, which contains no request for damages); *id.* ¶ 4 (stating the claim against Defendant Robinson is for "equitable relief").  Such a claim may be brought under section 1983.  *See, e.g.*, *Culinary Workers Union v. Del Papa*, 200 F.3d 614, 616 (9th Cir. 1999) (reversing district court's refusal to exercise jurisdiction over section 1983 claim raising pre-enforcement First Amendment challenge to a statute based on threatened prosecution); *McCormack v. Herzog*, 788 F.3d 1017 (9th Cir. 2015) (affirming summary judgment granted to physician in section 1983 claim against county prosecuting attorney enjoining enforcement of state abortion law); *Libertarian Party of Los Angeles Cnty. v. Bowen*, 709 F.3d 867 (9th Cir. 2013) (holding political party and potential signature gatherers had standing to bring pre-enforcement challenge, under section 1983, against state official to enjoin enforcement of a residency requirement for signature gatherers).  And attorneys' fees are therefore available.  42 U.S.C. § 1988 (permitting award of fees in "any action" under section 1983).

Accordingly, nothing about the citation of section 1983 or the request for fees indicates a claim for damages is afoot.  And even if section 1983 were somehow unavailable or inapplicable, the claim would still properly be before this Court, because no statutory cause of action is required to bring a claim seeking to enjoin a state official, in her official capacity, from enforcing an unconstitutional law.  *See Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015) ("The ability to sue to enjoin unconstitutional actions by state and federal officers is the creation of courts of equity, and reflects a long history of judicial review of illegal executive action, tracing back to England . . . .  It is a judge-made remedy[.]").

**B.      The credible possibility of prosecution is sufficient constitutional injury**

A claim to enjoin future criminal prosecution may be brought whenever a plaintiff faces a genuine possibility of prosecution under the law.  *Cal. Pro-Life Council, Inc. v. Getman*, 328

PLAINTIFF'S OPPOSITION TO DEFENDANT ROBINSON'S
MOTION TO DISMISS
CASE NO. 3:17-cv-5531-RBL - 2

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

F.3d 1088, 1094 (9th Cir. 2003).  A plaintiff satisfies that requirement when "he alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342 (2014).  A plaintiff suffers "the constitutionally recognized injury of self-censorship" so long as he chills his speech based on a reasonable fear that "enforcement proceedings might be initiated by the State." *Cal. Pro-Life Council*, 328 F.3d at 1094-95.  A "well-founded fear that the law will be enforced" exists in "the free speech context" so long as "the plaintiff's intended speech arguably falls within the statute's reach." *Id.* at 1095.

Defendant Robinson does not dispute that these precedents are applicable, that Mr. Rynearson has sufficiently alleged self-censorship, that Mr. Rynearson has sufficiently alleged a fear that enforcement proceedings might be initiated, or that his intended speech falls within the statute's reach.  She does not, in fact, contest that Mr. Rynearson's fear of prosecution is reasonable.  Instead—again apparently based upon an errant reading of the complaint as asserting a claim for damages—she contends that Mr. Rynearson was required to allege more, and specifically an "act" by Defendant Robinson that violated his constitutional rights.  Mot. 4-6.

Not so.  It "is not necessary that [a plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974).

> When contesting the constitutionality of a criminal statute, "it is not necessary that [the plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute that he claims deters the exercise of his constitutional rights." Rather, . . . to establish "a dispute susceptible to resolution by a federal court," plaintiffs must allege that they have been "threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible."

*Culinary Workers Union*, 200 F.3d at 618 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (further citations omitted)).  Indeed, Mr. Rynearson need not even " 'show that the authorities have threatened to prosecute him,' " because " 'the threat is latent in

the existence of the statute.' " *Cal. Pro-Life Council*, 328 F.3d at 1095 (citation omitted).[1]

But there is more here.  Here is the e-mail Mr. Rynearson received from Defendant Robinson's deputy:

> I am not formally declining it and I am not going to charge it at this time.  I am going to sit on it with the hope that Mr. Rynearson abides by the NCO that's in place [i.e., the order limiting Mr. Rynearson's speech about Mr. Moriwaki].  If I get any future referrals, I will revisit the charging decision.

> That is all the information I can provide.

Ex. C to Decl. of Richard Rynearson, Dkt. 4.

What would a reasonable, law-abiding citizen who does not want to risk arrest and prosecution think, when faced with a message such as this?  He would reasonably perceive this as a threat of prosecution if he were to say certain things that are sharply critical of Mr. Moriwaki.  The No Contact Order, after all, limited Mr. Rynearson's speech about Mr. Moriwaki.  Ex. B to Decl. of Richard Rynearson, Dkt. 4.  The past referral was based on speech about Mr. Moriwaki.  Ex. A to Decl. of Richard Rynearson, Dkt. 4.  Mr. Rynearson thus reasonably understood that Defendant Robinson's office will decide whether to prosecute him based on any future speech akin to the speech that generated the first referral.  *See* Compl. ¶ 12-13.  Mr. Rynearson has curtailed his online commentary as a result.  Compl. ¶¶ 14, 25.  That is more than enough to maintain a claim, because he has "suffered the constitutionally recognized injury of self-censorship."  *Cal. Pro-Life Council*, 328 F.3d at 1095.

As the Ninth Circuit has held,

> [O]ne need not await "consummation of threatened injury" before challenging a statute restricting speech, to guard the risk that protected conduct will be

---

[1] The two cases cited by Defendant Robinson are wholly inapposite.  Neither involves a pre-enforcement claim for injunctive and declaratory relief, much less a First Amendment claim or anything else approaching the circumstances of this case.  *See Kildare v. Saenz*, 325 F.3d 1078, 1085-86 (9th Cir. 2003) (rejecting section 1983 claim that particular Social Security disability determinations violated procedural due process); *Mills v. Criminal District Court*, 837 F.2d 677, 678 (5th Cir. 1988) (rejecting section 1983 claim for damages and equitable relief due to conclusory allegations that judge, prosecutor, and defense counsel conspired to deprive a criminal defendant of a fair trial in a criminal case that had concluded).

PLAINTIFF'S OPPOSITION TO DEFENDANT ROBINSON'S
MOTION TO DISMISS
CASE NO. 3:17-cv-5531-RBL - 4

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

deterred.  To avoid the chilling effect of restrictions on speech, the Court has endorsed "a 'hold your tongue and challenge now' approach rather than requiring litigants to speak first and take their chances with the consequences."

*Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (citations omitted).  Mr. Rynearson is for now holding his tongue, and challenging the statute rather than "tak[ing his] chances," *id.*, that the prosecutor will indeed "revisit the charging decision."  Ex. C to Decl. of Richard Rynearson, Dkt. 4.  He has every right to do this.

Finally, even setting the threatened prosecution aside, Defendant Robinson is a proper defendant because of her undisputed role in enforcing criminal laws within Washington state. *See Culinary Workers Union*, 200 F.3d at 619 (holding that to be a proper defendant in a suit to enjoin enforcement of an unconstitutional statute, "the state official sued 'must have some connection with the enforcement of the act' ") (quoting *Ex Parte Young*, 209 U.S., 123, 157 (1908)).

## C.   Prosecutors are not immune from injunctions prohibiting unconstitutional actions

Defendant Robinson contends that a prosecutor is absolutely immune from a civil suit for damages (and fees) under section 1983 for constitutional violations committed within the scope of the prosecutor's role as an advocate.  Mot. 6-7.  That is irrelevant.  As the complaint made clear, Defendant Robinson "is sued here in her official capacity for purposes of obtaining equitable relief."  Compl. ¶ 6.  No damages are claimed, and any attorney's fees would be paid out of the state treasury, not Defendant Robinson's pocket.  *See Hutto v. Finney*, 437 U.S. 678, 693 (1978) (noting, with respect to a fee award under § 1988, that "since petitioners are sued in their official capacities, . . . it is obvious that the award will be paid with state funds").  Payment from state funds is allowed because Congress has permissibly abrogated state sovereign immunity with respect to fee awards in civil rights cases, and because fee awards do not implicate state sovereign immunity in the first place.  *Id.* at 693-95.  Any immunity from personal damages is wholly beside the point.

//

//

PLAINTIFF'S OPPOSITION TO DEFENDANT ROBINSON'S
MOTION TO DISMISS
CASE NO. 3:17-cv-5531-RBL - 5

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

### III.    CONCLUSION

For the foregoing reasons, Defendant Robinson's motion to dismiss should be denied.

DATED: September 6, 2017.                Respectfully submitted,

SCOTT & CYAN BANISTER FIRST
AMENDMENT CLINIC

UCLA SCHOOL OF LAW

By: s/ *Eugene Volokh*
Eugene Volokh
405 Hilgard Ave.
Los Angeles, CA 90095
Tel: (310) 206-3926
volokh@law.ucla.edu
Pro Hac Vice

FOCAL PLLC

By: s/ *Venkat Balasubramani*
Venkat Balasubramani, WSBA No. 28269
Garrett Heilman, WSBA No. 48415
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
venkat@focallaw.com
garrett@focallaw.com

*Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION TO DEFENDANT ROBINSON'S
MOTION TO DISMISS
CASE NO. 3:17-cv-5531-RBL - 6

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

**CERTIFICATE OF SERVICE**

I, Garrett Heilman, hereby certify that on September 6, 2017, I caused a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT ROBINSON'S MOTION TO DISMISS** to be served on all parties via the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: September 6, 2017

*s/ Garrett Heilman*
Garrett Heilman, WSBA No. 48415

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966