UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD L. RYNEARSON, III<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT FERGUSON, Attorney General of the State of Washington,<br><br>and<br><br>TINA R. ROBINSON, Prosecuting Attorney for Kitsap County,<br><br>    Defendants. | NO. 3:17-cv-5531<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR:<br><u>September 22, 2017</u><br><br>ORAL ARGUMENT REQUESTED |

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 2:17-cv-1042 - i

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

# TABLE OF CONTENTS

I. Introduction ............................................................................................................. 1

II. Law and Argument ................................................................................................. 2

    A. An injunction in this case would not enjoin the *Moriwaki* civil proceedings ......... 2

    B. The *Moriwaki* lawsuit is not a "quasi-criminal enforcement action[]" ................... 4

    C. This case does not involve an attempt to interfere with Washington's interest in enforcing its court orders ................................................................... 7

III. Conclusion ............................................................................................................. 8

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 2:17-cv-1042 - ii

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

# TABLE OF AUTHORITIES

**Cases**

*Bd. of Junior Coll. Dist. No. 508 v. Cook Cty. Coll. Teachers Union, Local 1600*, 262 N.E.2d 125 (Ill. App. Ct. 1970) .................................................................................. 6

*City of Seattle v. May*, 171 Wash. 2d 847 (2011) ................................................................ 3

*Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) ..................................................................... 5

*In re Moi*, 184 Wash. 2d 575 (2015) ..................................................................................... 3

*Juidice v. Vail*, 430 U.S. 327 (1977) ..................................................................................... 4

*Karl v. Cifuentes*, No. 15-2542, 2015 WL 4940613 (E.D. Pa. Aug. 13, 2015) ............................. 4

*Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163 (9th Cir. 2013) ............................................... 2

*Machetta v. Moren*, No. 4:16-cv-2377, 2017 WL 2805192 (S.D. Tex. Apr. 13, 2017) ................. 4

*Matter of Grisby*, 121 Wash. 2d 419 (1993) .......................................................................... 3

*Matter of Paschke*, 80 Wash. App. 439 (1996) ..................................................................... 3

*Mead Sch. Dist. No. 354 v. Mead Educ. Ass'n*, 85 Wash. 2d 278 (1975) ................................... 5

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) ......................... 5

*Minette v. Minette*, 162 F. Supp. 3d 643 (S.D. Ohio 2016) ..................................................... 4

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350 (1989) .............. 2

*Pennzoil Co. v. Texaco, Inc*, 481 U.S. 1 (1987) ..................................................................... 4

*Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876 (9th Cir. 2011) .................. 1, 3, 8

*ReadyLink Healthcare v. State Comp. Ins. Fund*, 754 F.3d 754 (9th Cir. 2014) ................ passim

*Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584 (2013) ............................................. 1, 2, 5

*Thomas v. Piccione*, No. 13-425, 2014 WL 1653066 (W.D. Pa. Apr. 24, 2014) .......................... 4

*Wiener v. Cty. of San Diego*, 23 F.3d 263 (9th Cir. 1994) ..................................................... 3

*Younger v. Harris,* 401 U.S. 37 (1971) ............................................................................. 1, 4

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 2:17-cv-1042 - iii

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

**Statutes**

42 U.S.C. § 1983 .................................................................................................................. 1

RCW 12.04.050................................................................................................................... 7

RCW 26.50.110................................................................................................................... 6

RCW 7.21.040 .................................................................................................................... 6

RCW 7.24.110 .................................................................................................................... 6

RCW 7.92.030 .................................................................................................................... 6

RCW 7.92.100............................................................................................................. 3, 5, 6

RCW 7.92.130(4) ................................................................................................................ 5

RCW 7.92.150................................................................................................................. 6, 7

RCW 7.92.160 .................................................................................................................... 6

RCW 7.92.900 .................................................................................................................... 5

RCW 9.61.260(1)(b) ....................................................................................................... 3, 6

RCW 9.92.020 .................................................................................................................... 6

Sup. Ct. R. 4 ....................................................................................................................... 7

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 2:17-cv-1042 - iv

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

## I. INTRODUCTION

Plaintiff Richard Rynearson is seeking to vindicate his First Amendment rights in federal court under a federal statute, 42 U.S.C. § 1983. His right of access to this federal forum is not precluded by *Younger* abstention, because this lawsuit does not seek to enjoin, or otherwise interfere with, any pending state proceedings.

The plaintiff in the state case *Moriwaki v. Rynearson*,[1] Clarence Moriwaki, is not a party to this federal case; neither is the state court judge or any other state court trial participant. Likewise, the prosecutor defendants in this case are not parties to *Moriwaki*. An injunction in this case will not have collateral estoppel effect in *Moriwaki*; it will not even be binding precedent. At most, the court's decision in this case may be persuasive authority in the appeal of that state-court decision—but, if so, then it will simply be useful input to the state's decisionmaking process, not interference with that process.

Moreover, the state proceeding is not a criminal case. It is not a "quasi-criminal" case, such as a civil enforcement measure initiated by state officials. And this lawsuit does not seek to interfere with "'the core of the administration of a State's judicial system,'" *ReadyLink Healthcare v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citation omitted), such as by trying to enjoin a contempt proceeding or the enforcement of a bond requirement. None of the "exceptional categories" of cases that justify *Younger* abstention, *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 592 (2013), are thus present here.

*Younger* abstention calls for federal courts to abstain from directly interfering in *ongoing* state criminal prosecutions, *Younger v. Harris,* 401 U.S. 37 (1971), and a few closely related matters. In this case, Rynearson is facing *future* criminal prosecution, a situation "where *Younger* does not apply." *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 885 (9th Cir. 2011). And the "garden variety civil litigation between private parties" involved in *Moriwaki* is

---

[1] The opinion in that case is reproduced at Decl. of Darwin P. Roberts, ECF No. 24, exh. B, and the case is mentioned in Decl. of Richard Lee Rynearson, III, ECF No. 4, at 7, ¶ 14.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 2:17-cv-1042 - 1

focal PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

not state enforcement action and cannot trigger *Younger* abstention. *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1168 (9th Cir. 2013).

## II. LAW AND ARGUMENT

Generally speaking, "the federal courts' obligation to adjudicate claims within their jurisdiction [is] 'virtually unflagging.'" *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350, 359 (1989) (citation omitted). Declining to exercise jurisdiction and invoking *Younger* abstention is thus reserved for "exceptional categories" of cases. *Sprint*, 134 S. Ct. at 592. "In civil cases, therefore, *Younger* abstention is appropriate only when the state proceedings:

"(1) are ongoing,

"(2) [(a)] are quasi-criminal enforcement actions *or*

[(b)] involve a state's interest in enforcing the orders and judgments of its courts,

"(3) implicate an important state interest, *and*

"(4) allow litigants to raise federal challenges."

*ReadyLink*, 754 F.3d at 759 (paragraph breaks and emphasis added). Moreover, even if all four of these elements are satisfied, there is another requirement: (5) for *Younger* to apply, "the federal action would [have to] have the practical effect of enjoining the state proceedings." *Id.*

But here a federal injunction against the defendant prosecutors would not "have the practical effect of enjoining the state proceedings" brought by plaintiff Moriwaki, a private citizen (so element 5 is not satisfied). The state proceedings are not "quasi-criminal enforcement actions" (so element 2(a) is not satisfied). And the state proceedings do not involve the "state's interest in enforcing" court judgments (so element 2(b) is not satisfied).

### A. An injunction in this case would not enjoin the *Moriwaki* civil proceedings

In the typical *Younger* abstention case, a plaintiff tries to block a state proceeding by suing someone involved in that proceeding—the prosecutor, the plaintiff, the judge, a witness, or some other key actor. The goal is to use the federal court's power to stop the state proceeding in its tracks. Nothing of the sort is present here.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 2:17-cv-1042 - 2

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

First, the only plaintiff in the state case—Moriwaki—is not a party in this federal case. Rynearson is not seeking an order compelling Moriwaki to do or not do anything. A decision in this case would not even collaterally estop Moriwaki from litigating the same issues in state court. *In re Moi*, 184 Wash. 2d 575, 580 (2015). *Younger* abstention might be unjustified even if such issue preclusion were possible, *Potrero Hills Landfill*, 657 F.3d at 883 n.8, but it is especially unjustified when issue preclusion does not apply.

Second, any order in this case would not be precedent binding on Washington state courts. *See, e.g.*, *Matter of Paschke*, 80 Wash. App. 439, 448 n.5 (1996) (noting that the federal court's determination of Washington state statute's constitutionality "is not binding on Washington courts"); *Matter of Grisby*, 121 Wash. 2d 419, 430 (1993) ("While we always give careful consideration to Ninth Circuit decisions, we are not obligated to follow them, and do not do so in this case.").

Third, because Washington follows the collateral bar rule, an injunction barring prosecutors from prosecuting RCW 9.61.260(1)(b) violations as such would not block them from prosecuting Rynearson under a separate statute, RCW 26.50.110, for violating the *Moriwaki* injunction. "The collateral bar rule prohibits a party from challenging the validity of a court order in a proceeding for violation of that order." *City of Seattle v. May*, 171 Wash. 2d 847, 852 (2011).

Fourth, the civil statute authorizing the injunction in *Moriwaki,* RCW 7.92.100, is different from the criminal statute challenged here, RCW 9.61.260(1)(b) (though a violation of RCW 9.61.260(1)(b) is one possible predicate for the application of RCW 7.92.100). "[A] pending state judicial proceeding does not come within *Younger* unless the federal plaintiff is being prosecuted in state court under the *same law* that is challenged in federal court." *Wiener v. Cty. of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994) (emphasis added). In *Weiner*, the Ninth Circuit held that *Younger* abstention was improper when the plaintiff was being prosecuted in state court under a different ordinance than the one being challenged in federal court, even when the two ordinances had identical aims and constitutional problems, and when the ordinance

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 2:17-cv-1042 - 3

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

challenged in federal court was just a permanent version of the temporary ordinance being challenged in state court.

The abstention cases Defendants cite, Defs.' Resp. to Mot. for Prelim. Inj. at 8-10, are thus inapposite. Rynearson does not seek to enjoin an ongoing criminal prosecution, as plaintiffs sought to do in *Younger,* 401 U.S. at 41 (involving a normal criminal prosecution), or *Juidice v. Vail*, 430 U.S. 327, 335-36 (1977) (involving a contempt of court prosecution). Rynearson does not seek to enjoin the enforcement of a state judge's order against him, as the plaintiffs sought in *Pennzoil Co. v. Texaco, Inc*, 481 U.S. 1, 14 (1987), and *Machetta v. Moren*, No. 4:16-cv-2377, 2017 WL 2805192, at *1-4 (S.D. Tex. Apr. 13, 2017) (a suit filed against the state court judges themselves). Rynearson does not seek to order a state judge to recuse himself from a state case, as the plaintiff sought in *Thomas v. Piccione*, No. 13-425, 2014 WL 1653066, at *3 (W.D. Pa. Apr. 24, 2014). Rynearson does not come to federal court suing the same party he litigated against in state court, seeking to block the judgment that the party had obtained, as was the case in *Minette v. Minette*, 162 F. Supp. 3d 643, 652 (S.D. Ohio 2016), or seeking to order the party to do something (such as surrender a passport), as plaintiff sought to do in *Karl v. Cifuentes*, No. 15-2542, 2015 WL 4940613, at *1-5 (E.D. Pa. Aug. 13, 2015).

*Younger* abstention is thus inappropriate—even apart from the reasons given in Parts II.B and II.C below—since such abstention is proper only when "the federal action would have the practical effect of enjoining the state proceedings." *ReadyLink*, 754 F.3d at 759.

**B.     The *Moriwaki* lawsuit is not a "quasi-criminal enforcement action[]"**

Even if a federal action would have the practical effect of enjoining state proceedings, *Younger* abstention in a civil case is proper only when the pending state action is a "quasi-criminal enforcement action" (or the requested federal-court injunction would interfere with the core functioning of the state judicial process, which will be discussed in Part II.C). *See ReadyLink*, 754 F.3d at 759. But "quasi-criminal enforcement actions" are generally ones filed by state enforcement officials, albeit through the civil process rather than the criminal. The state is "routinely a party" to such proceedings, and often initiates the action "to sanction the federal

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 2:17-cv-1042 - 4

focal PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

plaintiff" such as through investigation or filing a formal complaint or charges. *Sprint*, 134 S. Ct. at 592; *see ReadyLink*, 754 F.3d at 759-60 (finding no quasi-criminal proceeding, partly because the litigants in the civil proceeding were "private part[ies]"). Two classic examples of such quasi-criminal enforcement are *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 597 (1975), and *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433 (1982), cited by Defs.' Resp. to Mot. for Prelim. Inj. at 8; these involved, respectively, state anti-nuisance proceedings brought by a sheriff and disciplinary proceedings brought by a bar disciplinary board appointed by the state supreme court.

*Moriwaki*, on the other hand, is an injunctive proceeding brought by a private citizen. Though it is brought under a specialized statute, that statute simply authorizes the issuance of a civil injunction. Like any other civil injunctive proceeding, its purpose is to prevent certain behavior in the future, not to punish past misbehavior (though, like other civil injunctive proceedings, it may be triggered by an allegation of past misbehavior). RCW 7.92.130(4), 7.92.900.

Defendants seek to distinguish RCW 7.92.100 from normal injunctions, but the alleged differences mostly prove to be similarities:

1. Defendants point out that enforcement of a RCW 7.92.100 injunction "may not 'be waived by [Moriwaki],'" *see* Defs.' Resp. to Mot. for Prelim. Inj. at 10 (citation omitted). But that is true of civil injunctions generally; Washington courts, like other courts, have upheld criminal contempt fines imposed for violation of injunctions, even when the parties have agreed to settle the dispute and thus waived enforcement of the injunction. *Mead Sch. Dist. No. 354 v. Mead Educ. Ass'n*, 85 Wash. 2d 278, 286 (1975) (upholding a fine in such a situation, because a trial court may "bolster respect for its future orders by attaching a deterrent sanction to violation," "totally independent of any concern of [the] parties," and notwithstanding the other party's willingness to condone the violation). "Under no theory can a party that obtains an injunction bind the issuing court with condonation of contemptuous or illegal acts of those who violate the court's order. To give effect to such a theory would usurp the highest function of our

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

courts." *Bd. of Junior Coll. Dist. No. 508 v. Cook Cty. Coll. Teachers Union, Local 1600*, 262 N.E.2d 125, 129-30 (Ill. App. Ct. 1970) (applying the same rule).

2. Defendants stress that violating a RCW 7.92.100 order is punishable as a gross misdemeanor. *See* Defs.' Resp. to Mot. for Prelim. Inj. at 10, citing RCW 26.50.110. But the violation of any injunction, which would constitute criminal contempt of court, is subject to precisely the same punishment: up to 364 days imprisonment and an up to $5000 fine. RCW 9.92.020; RCW 7.21.040.

3. Defendants argue that a RCW 7.92.100 injunction "involves a deprivation of Mr. Rynearson's liberty, restricting his freedom of movement and action," Def. Resp. to Mot. for Prelim. Inj. at 9. But most injunctions deprive the target of his liberty; their whole function is to restrict the target's freedom of action (or inaction).

4. Defendants argue that the state may intervene to defend RCW 9.61.260(1)(b) if Rynearson challenges it in the appeal of the state injunction proceeding. Def. Resp. to Mot. for Prelim. Inj. at 9 (citing RCW 7.24.110). But that is true of all civil proceedings seeking a declaratory judgment in which a "statute . . . is alleged to be unconstitutional," RCW 7.24.110.[2]

5. Defendants note that a similar civil injunction could be initiated by a state court under certain circumstances, Def. Resp. to Mot. for Prelim. Inj. at 10; RCW 7.92.160—but those circumstances are absent in this case. Such court-initiated orders are authorized only when the respondent is "charged with or arrested for stalking" and is then released before trial. *See* RCW 7.92.160. There was no such charge in *Moriwaki*; the injunction there rested simply on a finding by a preponderance of the evidence that a civil petitioner had met the standards for relief. *See* RCW 7.92.030, 7.92.100.

6. Defendants also note that "the law by default requires law enforcement personnel to serve the protection order on its subject," RCW 7.92.150. But while this default rule is the one

---

[2] Rynearson does not concede that this statute authorizes intervention in the pending state case, but even if it did, that would not establish any distinction between the state case at issue here and state civil litigation generally.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 2:17-cv-1042 - 6

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

way in which RCW 7.92.150 injunctions differ from other civil injunctions, the difference is slight. Washington Superior Court Rules, for instance, likewise authorize service of ordinary civil summons and process by law enforcement, though they provide the option of service by private process servers as well, Sup. Ct. R. 4(c). And, like the Superior Court Rules, RCW 7.92.150 likewise provides the option of service by private process servers. Moreover, under Washington law, ordinary process issued by district court judges—as well as "all executions and writs of attachment or of replevin"—"shall be served by a sheriff or a deputy." RCW 12.04.050. Routine service of court orders by law enforcement officials does not transform a civil case into a quasi-criminal proceeding.

A quasi-criminal proceeding is just as absent here as it was in *ReadyLink*, where the federal plaintiff brought suit while a state court was reviewing a disagreement between two private parties. 754 F.3d at 760. The Ninth Circuit held that *Younger* abstention was unwarranted, because the "mere 'initiation' of a judicial or quasi-judicial administrative proceeding" is not "an act of civil enforcement . . . 'akin to a criminal prosecution' in 'important respects.'" *Id.* at 759-60. Federal courts, the Ninth Circuit recognized, are generally obligated to exercise federal jurisdiction over federal claims; *Younger* offers a limited exception to that obligation, but the limitations on that exception would be rendered "meaningless" if the exception were extended to "every case in which a state judicial officer resolves a dispute between two private parties." *Id.* at 760. Similarly, the civil injunction here involves a dispute between two private parties, and any dispute-resolving or injunction-issuing role played by state courts does not justify a federal court's abstention from a distinct federal proceeding raising a constitutional challenge to a distinct criminal law.

C. **This case does not involve an attempt to interfere with Washington's interest in enforcing its court orders**

*Younger* abstention may also be justified if a federal plaintiff seeks to interfere with "'the core of' [a state's] court system, implicating the 'State's interest in enforcing the orders and judgment of its courts,'" *ReadyLink*, 754 F.3d at 759 (citations omitted) (so long as a federal

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 2:17-cv-1042 - 7

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

injunction would also effectively enjoin the state proceedings, see Part II.A). But, for reasons stated in Part II.A, this case involves no such interference. Rynearson is not seeking to enjoin the enforcement of the *Moriwaki* order; if he prevails in this case, the *Moriwaki* order would remain enforceable unless it is reversed on appeal, where this court's decision would only have persuasive precedential effect.

The cases in which such interference with "core" orders and judgments was found are far removed from this case:

> "Core" orders involve the administration of the state judicial process—for example, an appeal bond requirement, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. at 12-14, a civil contempt order, *Juidice*, 430 U.S. at 335-36, or an appointment of a receiver, *Lebbos v. Judges of the Superior Court*, 883 F.2d 810, 815 (9th Cir. 1989).

*ReadyLink*, 754 F.3d at 759. No such interference with a "core" order is present here. There is indeed a state court injunction, but "[t]o establish a vital interest in the state's judicial functions, an abstention proponent must assert more than a state's generic interest in the resolution of an individual case or in the enforcement of a single state court judgment." *Potrero Hills Landfill*, 657 F.3d at 886. Rather, a federal proceeding must threaten "the state judiciary's vital functions." *Id.* When a suit "challenges neither the authority of state courts to issue [orders] nor processes for their enforcement once issued," *id.* at 887, *Younger* abstention is inappropriate. And, as Part II.A argued, this case does not challenge the authority of the state court in the *Moriwaki* proceeding. The Supreme Court's "dominant instruction [is] that, even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the exception, not the rule." *Sprint*, 134 S. Ct. at 593. Defendants have not established that "any of the . . . exceptional categories" permitting abstention apply. *Id.* at 592.

### III.  CONCLUSION

Nothing in this case will interfere with the state court judgment in *Moriwaki*. An injunction in this case would not bind the state court or the plaintiff in that case. Such an injunction would bind only the state prosecutors, who are not parties in *Moriwaki*. Because the narrowly-crafted *Younger* exception to a federal court's "unflagging obligation" to resolve

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 2:17-cv-1042 - 8

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

federal disputes does not apply, this Court must exercise its jurisdiction to resolve the federal dispute presented in this federal case.

DATED: September 18, 2017.

Respectfully submitted,

SCOTT & CYAN BANISTER FIRST AMENDMENT CLINIC

UCLA SCHOOL OF LAW

By: s/ *Eugene Volokh*

Eugene Volokh
405 Hilgard Ave.
Los Angeles, CA 90095
Tel: (310) 206-3926
volokh@law.ucla.edu
Admitted pro hac vice

FOCAL PLLC

By: s/ *Venkat Balasubramani*

Venkat Balasubramani, WSBA #28269
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
venkat@focallaw.com

*Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
CASE NO. 2:17-cv-1042 - 9

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966