HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD L. RYNEARSON, III<br><br>Plaintiff,<br><br>v.<br><br>ROBERT FERGUSON, Attorney General of the State of Washington,<br><br>and<br><br>TINA R. ROBINSON, Prosecuting Attorney for Kitsap County,<br><br>Defendants. | NO. 3:17-cv-5531<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION<br><br>NOTE ON MOTION CALENDAR:<br><u>September 22, 2017</u><br><br>ORAL ARGUMENT REQUESTED |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION
CASE NO. 3:17-cv-5531 - i

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

# TABLE OF CONTENTS

A. A statute may be found facially overbroad under the First Amendment even when a statute has a "plainly legitimate sweep," so long as a "substantial number" of the statute's applications are unconstitutional. ........................................................................... 1

B. The criminal harassment bans upheld in the decisions cited by defendants were considerably narrower than RCW 9.61.260. .......................................................................... 2

C. RCW 9.61.260 cannot be salvaged by arguing that it applies only to "conduct," "rather than the content of . . . speech," Resp. 18. ............................................................... 3

D. Rynearson is suffering irreparable harm from the risk of prosecution. ............................... 4

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION
CASE NO. 3:17-cv-5531 - ii

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

**A. A statute may be found facially overbroad under the First Amendment even when a statute has a "plainly legitimate sweep," so long as a "substantial number" of the statute's applications are unconstitutional.**

Defendants argue that, "even in a First Amendment setting, 'a facial challenge must fail where the statute has a "plainly legitimate sweep,"'" Def. Resp. to Mot. for Prelim. Inj. 18 ("Resp."), citing *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008). But, as *Washington State Grange* states in a footnote to that very paragraph, there is "a second type of facial challenge in the First Amendment context under which a law may be overturned as impermissibly overbroad because a 'substantial number' of its applications are unconstitutional, 'judged in relation to the statute's plainly legitimate sweep.'" 552 U.S. at 449 n.6 (citations omitted); *see also United States v. Stevens*, 559 U.S. 460, 472-73 (2010) (noting that footnote 6 of *Washington State Grange* "recognize[d] 'a second type of facial challenge,' whereby a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep'"). The Court declined to apply the overbreadth doctrine in *Washington State Grange* only because there, "the parties fail[ed] to describe the instances of arguable overbreadth of the contested law." *Id.* But Rynearson has described many instances of likely overbreadth, Mot. for Prelim. Inj. 4-8.

Defendants likewise err in faulting Rynearson for supposedly "speculat[ing] about 'hypothetical' or 'imaginary' cases." Resp. 18 (citing *Wash. State Grange*, 552 U.S. at 449-50). An overbreadth challenge is all about pointing to examples of how a law may unconstitutionally apply. This is precisely how the Ninth Circuit, for instance, analyzed the overbreadth challenge in *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936 (9th Cir. 2011)—the court pointed to hypothetical examples of how an ordinance banning street solicitation of employment, business, or contributions could be applied, and then explained:

> Contrary to the City's argument, we are not "hypothesizing about speculative unlawful applications" of the Ordinance; we are simply listing some of the many types of protected speech that fall squarely within the plain language of this facially overbroad law. . . .
>
> [A]lthough the Supreme Court stated in *Washington State Grange* that, "[i]n determining whether a law is facially invalid, we must be careful not to go beyond

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION
CASE NO. 3:17-cv-5531 - 1

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

> the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases," the Court acknowledged in a footnote that First Amendment overbreadth challenges are subject to a less-demanding standard, which requires only that "the parties . . . describe the instances of arguable overbreadth of the contested law." If the suggested examples fall within the plain language of the statute, the Plaintiffs have met their burden.

*Id.* at 948 n.7; *see also Stevens*, 559 U.S. at 474-77, 482 (striking down ban on videos depicting animal cruelty because it could cover a wide range of hypothetical cases, including depictions of hunting and some animal husbandry practices, though some of the statute's applications might be constitutional).

**B. The criminal harassment bans upheld in the decisions cited by defendants were considerably narrower than RCW 9.61.260.**

Defendants point to some court decisions that have upheld some other criminal harassment bans; but all those statutes were considerably narrower than the Washington statute, and the courts relied on that narrowness in upholding the statutes.

1. *United States v. Osinger*, 753 F.3d 939 (9th Cir. 2014), upheld the federal cyberstalking ban only because that statute required "'substantial harm to the victim,'" in the form of "'substantial emotional distress,'" and because "the proscribed acts [we]re tethered to the underlying criminal conduct and not to speech." *Id.* at 944 (citations omitted). The Washington statute has no such substantial distress or conduct requirement, and the Ninth Circuit did not have before it the constitutionality of a statute that—like Washington's—criminalized pure speech to third parties without any conduct element. *See id.* at 954 (Watford, J., concurring).

2. *United States v. Matusiewicz*, 84 F. Supp. 3d 363 (D. Del. 2015), dealt with the same federal statute, and also noted that the challenger in that case did not point to examples of others' protected speech which the law might punish, *id.* at 368—understandable, given the relative narrowness of that law. Rynearson has pointed to ample examples of such speech, which make the Washington statute overbroad. Mot. for Prelim. Inj. 4-8. The *Matusiewicz* court, moreover, distinguished, and cited with approval, another federal case holding that the same federal statute was unconstitutional as applied to an individual who "created a number of Twitter profiles, and

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION
CASE NO. 3:17-cv-5531 - 2

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

used those profiles and multiple blogs to direct thousands of derogatory messages to [a] religious leader," *id.* at 371 (citing *United States v. Cassidy*, 814 F. Supp. 2d 574 (D. Md. 2011))—precisely the sort of expression that is at the core, not the periphery, of the Washington statute.

3. *Burroughs v. Corey*, 92 F. Supp. 3d 1201 (M.D. Fla. 2015), upheld a Florida law that was limited to a "course of conduct" "that would likely cause substantial emotional distress" and that at the same time "serves no legitimate purpose," *id.* at 1204 (internal quotation marks omitted). The court stressed those limitations (which RCW 9.61.260 lacks) in upholding the statute against First Amendment challenge, *id.* at 1205-06, 1208-09. In addition, though speech was covered by the Florida law, the law as a whole—unlike RCW 9.61.260—did not solely regulate speech.

**C. RCW 9.61.260 cannot be salvaged by arguing that it applies only to "conduct," "rather than the content of . . . speech," Resp. 18.**

RCW 9.61.260 expressly targets speech, not conduct: It bars, in relevant part, "electronic communication" with any "third party" "[a]nonymously or repeatedly," when that communication is seen as intended to "harass, . . . torment, or embarrass" "any other person". Indeed, it is a content-based speech restriction, for reasons given in Mot. for Prelim. Inj. 10-11. Traditional telephone harassment laws that ban calls intended to harass the recipient may be aimed at the call's noncommunicative impact, such as the distracting ring, and may apply even if no conversation ensues. But the quoted portion of RCW 9.61.260—which bars communication intended to harass, torment, or embarrass one person but addressed to someone else (including the public at large)—covers only speech said about a person that contains embarrassing or otherwise offensive content.

Just like the harassment law that was found to be an unconstitutional speech restriction in *State v. Bishop*, 787 S.E.2d 814 (N.C. 2016), RCW 9.61.260 "applies to speech and not solely, or even predominantly, to nonexpressive conduct," *id.* at 817; and it applies to speech to third parties precisely because of the content of its message. Mot. for Prelim. Inj. 10-11. "Posting information on the Internet—whatever the subject matter—can constitute speech as surely as

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION
CASE NO. 3:17-cv-5531 - 3

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

stapling flyers to bulletin boards or distributing pamphlets to passers-by—activities long protected by the First Amendment." *Bishop*, 787 S.E.2d at 817.

"Such communication does not lose protection merely because it involves the 'act' of posting information online, for much speech requires an 'act' of some variety—whether putting ink to paper or paint to canvas, or hoisting a picket sign, or donning a message-bearing jacket." *Id.* Likewise, such communication does not lose protection simply because of its intent, Mot. for Prelim. Inj. 8-9, its repetition, Mot. for Prelim. Inj. 9-10, or its being labeled "harassment." "There is no categorical 'harassment exception' to the First Amendment's free speech clause." *Saxe v. State College Area School District*, 240 F.3d 200, 204 (3d Cir. 2001).

**D.  Rynearson is suffering irreparable harm from the risk of prosecution.**

Rynearson is suffering irreparable harm from the risk of prosecution, even beyond the harm he is facing from the state court order in *Moriwaki v. Rynearson* (reproduced in Decl. of Darwin P. Roberts, ECF No. 24, exh. B). The only speech about Moriwaki that the order restricts is the online use of Moriwaki's photograph, and of Moriwaki's "name or personal identifying information" in titles of Web pages and of other items. Order in *Moriwaki v. Rynearson*, at 2. Such a restriction, Rynearson believes, is still unconstitutional, but at least it is comparatively narrow. RCW 9.61.260, on the other hand, applies to a wide range of other speech, so long as it is anonymous or repeated, and perceived to be intended to "harass, . . . torment, or embarrass."

The Bainbridge Island Police Department found probable cause to believe that Rynearson had violated the RCW 9.61.260 ban on repeated and anonymous communication intended to harass (not that Rynearson had violated any protective order, as none was then in place). Comp. ¶ 13. Rynearson's lawyer asked the Kitsap County prosecutor's office about whether charges would be filed for that behavior, *id.* Exh. C, and the prosecutor responded,

> I am not formally declining it and I am not going to charge it at this time. I am going to sit on it with the hope that Mr. Rynearson abides by the NCO that's in place. If I get any future referrals, I will revisit the charging decision. That is all the information I can provide.

*Id.* The exchange is not about possible violations of the no-contact order; no violations of the no-

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION
CASE NO. 3:17-cv-5531 - 4

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

contact order were ever referred to the prosecutor. Rather, it involves a threat of enforcement of RCW 9.61.260 against any future speech that might be "referr[ed]," speech that is not limited to violations of the no-contact order.

The prosecutor's message creates a "well-founded fear that [RCW 9.61.260] will be enforced"—the requirement for standing, *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1094-95 (9th Cir. 2003)—especially since Rynearson's "intended speech arguably falls within [RCW 9.61.260's] reach." *Id.* at 1095. And this fear of prosecution also creates the irreparable harm; when the risk of prosecution "chill[s]" a person's First Amendment rights, that is itself "irreparable injury." *Sanders County Republican Cent. Comm. v. Bullock*, 698 F.3d 741, 748 (9th Cir. 2012). As for Defendants' suggestion that Rynearson should rest easy because prosecutors *might* (not *will*) stay their hands given "[a]ctive questions regarding the constitutionality of [the] statute," Resp. 20: The "First Amendment protects against the Government; it does not leave us at the mercy of *noblesse oblige*." *Stevens*, 559 U.S. at 480.

DATED: September 20, 2017.

Respectfully submitted,

SCOTT & CYAN BANISTER FIRST AMENDMENT CLINIC

UCLA SCHOOL OF LAW

By: s/ *Eugene Volokh*
Eugene Volokh
405 Hilgard Ave.
Los Angeles, CA 90095
Tel: (310) 206-3926
volokh@law.ucla.edu
Admitted pro hac vice

FOCAL PLLC

By: s/ *Venkat Balasubramani*
Venkat Balasubramani, WSBA #28269
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel: (206) 529-4827
Fax: (206) 260-3966

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 3:17-cv-5531 - 5

focal PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

venkat@focallaw.com

*Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 3:17-cv-5531 - 6

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966

# CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

DATED: September 20, 2017     <u>s/ *Venkat Balasubramani*</u>
Venkat Balasubramani, WSBA #28269

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 3:17-cv-5531 - 7

**focal** PLLC
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel (206) 529-4827
Fax (206) 260-3966