The Honorable Ronald B. Leighton

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| RICHARD L. RYNEARSON, III,<br><br>                          Plaintiff,<br><br>v.<br><br>ROBERT FERGUSON, Attorney<br>General of the State of Washington,<br>and TINA R. ROBINSON, Kitsap<br>County Prosecuting Attorney,<br><br>                          Defendants. | NO.  3:17-cv-05531-RBL<br><br>DEFENDANTS' REPLY RE:<br>CROSS-MOTION TO DISMISS<br><br>Cross-Motion Noted:<br>September 22, 2017 |

## I.      INTRODUCTION AND SUMMARY

In his latest briefing, Mr. Rynearson argues that he is not seeking a federal injunction against all enforcement of Washington's cyberstalking statute. Instead, he claims, he is only seeking an injunction barring the Attorney General and the Kitsap County Prosecuting Attorney from criminally enforcing the cyberstalking statute against him (in the future). Mr. Rynearson cites *Ex parte Young*, 209 U.S. 123, 157 (1908), and *Culinary Workers Union v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999), for the proposition that injunctive relief against the prosecuting attorneys is proper here. *See* Docket #28, *passim*; Docket #25, at 5.

In fact, the Ninth Circuit's *Ex parte Young* jurisprudence dictates nearly the *opposite* result: that the Attorney General, at least, is not a proper defendant here and should be

DEFENDANTS' REPLY RE:
CROSS-MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    dismissed from this action. The Attorney General of Washington lacks primary criminal

2    jurisdiction to enforce Wash. Rev. Code § 9.61.260(1)(b). The Attorney General would obtain

3    such jurisdiction over Mr. Rynearson only upon accepting a future request from a county

4    prosecuting attorney to take jurisdiction, or a grant of jurisdiction by the Governor, and then

5    deciding that the facts and law warranted prosecution. There is no evidence any of this will

6    happen. Mr. Rynearson's claim against the Attorney General is entirely speculative. Under

7    Ninth Circuit case law, it fails Article III standing requirements, it is not ripe for an injunction,

8    and it is barred by the Eleventh Amendment because *Ex parte Young* does not apply.

9        Similarly, Mr. Rynearson's claims against the Kitsap County Prosecuting Attorney are

10   also simply too speculative to support Article III standing or an injunction. As Defendants have

11   previously pointed out, there is no evidence that Kitsap County has ever contemplated

12   prosecuting Mr. Rynearson for a direct violation of Wash. Rev. Code § 9.61.260(1)(b).

13   Accordingly, Mr. Rynearson does not demonstrate an injury in fact sufficient to confer

14   standing and does not demonstrate the irreparable harm necessary to obtain an injunction.

15       In the alternative, if this Court were to grant Mr. Rynearson's requested injunction,

16   there is every reason to believe he would argue in state court that the injunction had the effect

17   of invalidating the state stalking protection order against him. The stalking protection order

18   was premised in significant part on a finding that Mr. Rynearson had violated Wash. Rev.

19   Code § 9.61.260(1)(b). If a federal injunction suddenly barred any prosecution of Mr.

20   Rynearson under the cyberstalking statute, it would impede prosecutors from proceeding

21   against Mr. Rynearson for any further online speech in violation of the existing protection

22   order. Mr. Rynearson claims the "collateral bar doctrine" would still allow him to be

23   prosecuted for violating the order itself, but the "collateral bar doctrine" will not block a

24   challenge that a protection order is "void" or "cannot be constitutionally applied to the charged

25   conduct." As such, granting Mr. Rynearson's requested injunction would interfere with the

26

DEFENDANTS' REPLY RE:
CROSS-MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

state proceedings, which are quasi-criminal, and/or implicate the state's interest in enforcing its orders. *Younger* abstention remains appropriate.

In sum, if Mr. Rynearson is seeking only prospective relief from criminal prosecution, he lacks standing, his claim is unripe and speculative, and should be denied as to both defendants. His claim also should be denied as to the Attorney General under *Ex parte Young*. If this Court finds instead that Mr. Rynearson's requested injunction would affect the state proceedings against him, this Court should abstain under *Younger* and dismiss this action.

## II.   ARGUMENT

**A.   Mr. Rynearson lacks standing and his claim for an injunction against the Attorney General is barred by the Eleventh Amendment, because the Attorney General lacks jurisdiction to criminally prosecute Mr. Rynearson.**

Mr. Rynearson's latest briefing attempts to avoid *Younger* abstention by disavowing that this litigation will have any effect on the state protection order proceeding. He now claims that the injunction he seeks in this case "would bind only the state prosecutors[.]" Response (Docket #28), at 12. Mr. Rynearson argues that under the doctrine set forth by the U.S. Supreme Court in *Ex parte Young*, "to be a proper defendant in a suit to enjoin enforcement of an unconstitutional statute, the state official sued must have some connection with the enforcement of the act." Plaintiff's Opposition (Docket #25), at 5 (citing *Culinary Workers Union v. Del Papa*, 200 F.3d at 619, and *Ex parte Young*, 209 U.S. at 157). If Mr. Rynearson, as he claims, is suing specifically to block the Attorney General of Washington from criminally prosecuting Mr. Rynearson at some point in the future, his claim against the Attorney General should be dismissed due to a lack of Article III standing and (under *Ex parte Young*) violating the Eleventh Amendment to the Constitution.

**1.   A plaintiff will have Article III standing and satisfy *Ex parte Young* as to a defendant official only if that official has authority to enforce a challenged statute *and* presents "a threat of enforcement."**

The federal courts recognize that "when a plaintiff brings a pre-enforcement challenge to the constitutionality of a particular statutory provision, the causation element of standing

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

requires the named defendants to possess authority to enforce the complained-of provision." *Arizona Contractors Assn', Inc. v. Napolitano*, 526 F.Supp.2d 968, 982-83 (D. Ariz. 2007) (citing *Bronson v. Swensen*, 500 F.3d 1099, 1110 (10th Cir. 2007)). There must be "the requisite causal connection between [the defendants'] responsibilities and any injury that the plaintiffs might suffer, such that relief against the defendants would provide redress." *Arizona Contractors*, 526 F.Supp.2d at 983 (citing *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004)). "Article III requires a concrete dispute between the parties. '(A) federal court (can) act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court.'" *Southern Pac. Transp. Co. v. Brown*, 651 F.2d 613, 615 (9th Cir. 1980) (citations omitted).

In addition, the Ninth Circuit has recognized that under *Ex parte Young*, "there must be a connection between the official sued and enforcement of the allegedly unconstitutional statute, *and there must be a threat of enforcement*." *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (emphasis added). This is because *Ex parte Young* is an exception to the Eleventh Amendment immunity of states from federal suits by individual citizens. Allowing citizens to sue state officials in the absence of "some connection" of those state officials with enforcement "would be equivalent to suit against the state and would violate the Eleventh Amendment." *Brown*, 651 F.2d at 615 (citing *Ex parte Young*, 209 U.S. at 157). *Ex parte Young*'s exception to Eleventh Amendment immunity applies only to officials "who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an [sic] unconstitutional act, violating the Federal Constitution." *Ex parte Young*, 209 U.S. at 156.

Applying these principles, the courts have repeatedly rejected suits against state attorneys general that sought to enjoin those attorneys general from taking enforcement actions over which they lacked jurisdiction, or had not taken any affirmative steps to accomplish. In

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    *Long*, the Ninth Circuit affirmed a ruling that the Attorney General of California was unlikely

2    to enforce the challenged vehicle regulation statute, or "encourage local law enforcement

3    agencies" to do so, and that the "general supervisory powers" of the Attorney General were not

4    sufficient "to establish the connection with enforcement required by *Ex parte Young*." *See*

5    *Long*, 961 F.2d at 152. Further, "[t]he lack of threatened enforcement by the Attorney General

6    means that the 'case or controversy' requirement of Article III is not satisfied." *Id*.

7        In *Brown*, the Ninth Circuit similarly affirmed the dismissal of a lawsuit against the

8    Attorney General of Oregon. It held that the Attorney General "lacked authority to prosecute"

9    the statute in question, and could not "compel the district attorneys to prosecute or refrain from

10    doing so." *Brown*, 651 F.2d at 614. It therefore concluded that the plaintiffs lacked standing

11    due to a lack of redressable injury fairly traceable to the actions of the Attorney General, and

12    that the plaintiffs had not "establish[ed] sufficient connection with enforcement to satisfy *Ex*

13    *parte Young*. The suit presents no justiciable controversy" as to the Attorney General. *Id*. at

14    615. *See also Arizona Contractors*, 526 F.Supp.2d at 982-85 (concluding that the Arizona

15    Attorney General's lack of enforcement authority and failure to refer any case against the

16    plaintiffs for county prosecution meant that the plaintiffs lacked Article III standing to sue the

17    Attorney General); *Reproductive Health Services of Planned Parenthood of the St. Louis*

18    *Region, Inc. v. Nixon*, 428 F.3d 1139, 1145-46 (8th Cir. 2005) (plaintiffs lacked Article III

19    standing to obtain injunction against Attorney General of Missouri who lacked enforcement

20    authority over abortion statute and had shown no indication of taking enforcement action).

21        The most significant authority reaching a different result appears to be *Planned*

22    *Parenthood of Idaho*, 376 F.3d 908. In that case, the Ninth Circuit concluded that the plaintiffs

23    could sue the Attorney General of Idaho to enjoin the enforcement of a criminal abortion

24    statute. The Court observed that "[s]tate attorneys general are not invariably proper defendants

25    in challenges to state criminal laws. Where an attorney general cannot direct, in a binding

26    fashion, the prosecutorial activities of the officers who actually enforce the law or bring his

DEFENDANTS' REPLY RE:
CROSS-MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

own prosecution, he may not be a proper defendant." *Id.* at 919 (citing *Long* and *Brown*). But the Ninth Circuit noted that under Idaho law, "determinatively here, unless the county prosecutor objects, the attorney general may, in his assistance, do every act that the county attorney can perform." *Id.* at 919-20 (citations and quotes omitted). The Ninth Circuit emphasized that the Attorney General of Idaho "may in effect deputize himself" to "stand in the role of a county prosecutor, and in that role exercise the same power to enforce the statute the prosecutor would have. That power demonstrates the requisite causal connection for standing purposes." However, the Ninth Circuit also noted that the Attorney General might in the same sense "be deputized by the governor." *Id. But see Arizona Contractors*, 526 F.Supp.2d at 984-85 (distinguishing *Planned Parenthood of Idaho*, noting that it involved "a challenge to an abortion law, and several courts of appeals have held that the Supreme Court relaxed standing requirements for abortion cases"). Finally, in *Culinary Workers Union*, the Attorney General had actively threatened to enforce the statute against the plaintiff and "defend[ed] her authority and power to do so." *Culinary Workers Union*, 200 F.3d at 619.

**2.    The Attorney General of Washington lacks jurisdiction to enforce Wash. Rev. Code § 9.61.260(1)(b), and has not threatened to enforce it against Mr. Rynearson.**

The Attorney General of Washington lacks primary jurisdiction to enforce most of the criminal laws of Washington, including the cyberstalking statute challenged here. As to most criminal laws, the Attorney General obtains jurisdiction only at the request of a prosecuting attorney with jurisdiction over such an offense. *See* Wash. Rev. Code § 43.10.232(1)(a). Due to finite prosecutorial resources in the Office of the Attorney General, not every request by a county prosecuting attorney for the Attorney General to take jurisdiction is granted. The Attorney General also can obtain criminal jurisdiction based upon action by the Governor, but this is quite uncommon, or from a legislative committee that has fallen into disuse for this purpose. *See* Wash. Rev. Code § 43.10.232(1)(b) and (c). Older statutes allow the Attorney

DEFENDANTS' REPLY RE:
CROSS-MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    General to assist with or intervene in criminal prosecutions, but again only at the request of a

2    local prosecutor or the Governor. *See* Wash. Rev. Code §§ 43.10.030(4), .090.

3         The Kitsap County Prosecuting Attorney has made no request under Wash. Rev. Code

4    § 43.10.232(1)(a) for the Attorney General to prosecute Mr. Rynearson. Even if such a request

5    were made, before commencing a prosecution, the Attorney General would have to determine

6    that intake of the case would be feasible based on available resources and any other counties'

7    pending requests for assistance, as well as whether criminal prosecution would be warranted

8    based on the facts and circumstances of the case, the state of the law applicable to Mr.

9    Rynearson's conduct, and the general prosecution standards for criminal cases. As noted

10   above, these events have not occurred. Finally, there is no likelihood that the Governor would

11   ever request the Attorney General to take jurisdiction over any case involving Mr. Rynearson,

12   given the rarity of such requests.

13        For these reasons, this Court should follow the Ninth Circuit's decisions in *Long* and

14   *Brown* and conclude both that Mr. Rynearson lacks Article III standing to sue the Attorney

15   General to enjoin a future prosecution, and that his claims are barred by the Eleventh

16   Amendment. The Attorney General would not be responsible for prosecuting Mr. Rynearson

17   except following contingent, speculative future events. In addition, the Attorney General has

18   not stated any threat to commence enforcement against him, as *Ex parte Young* requires.

19        *Planned Parenthood of Idaho* is not to the contrary. In Washington, unlike in Idaho, the

20   Attorney General may not "deputize himself." The fact that Washington's Governor may on

21   rare occasions give jurisdiction over a particular case to the Attorney General does not bring

22   this case within the holding of *Planned Parenthood*. *Planned Parenthood* also involved the

23   more relaxed standing requirements of an abortion case. This case, in contrast, is more

24   comparable to the Arizona, California, and Oregon laws found to bar suit in *Long*, *Brown*, and

25   *Arizona Contractors*. The Attorney General should be dismissed as a defendant.

26

DEFENDANTS' REPLY RE:
CROSS-MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**B.**   **Mr. Rynearson's request for an injunction against the Kitsap County Prosecuting Attorney is also excessively speculative.**

The Kitsap County Prosecuting Attorney does have criminal jurisdiction to potentially prosecute Mr. Rynearson for any future crimes he might commit in that jurisdiction, and in this sense is situated differently from the Attorney General. However, this Court can conclude that Mr. Rynearson's claims against the Kitsap County Prosecuting Attorney are also simply too speculative to support Article III standing or an injunction. As Defendants have previously pointed out, there is no evidence that Kitsap County has contemplated bringing a criminal prosecution against Mr. Rynearson for a direct violation of Wash. Rev. Code § 9.61.260(1)(b). The email exchange with the Kitsap deputy prosecutor submitted by Mr. Rynearson involved an assessment of whether Mr. Rynearson was complying with the stalking protection order— an order which Mr. Rynearson is now challenging in Kitsap County Superior Court.

Kitsap County has demonstrated no intention to charge Mr. Rynearson with cyberstalking. And Mr. Rynearson has offered no affirmative evidence of the same. Accordingly, Mr. Rynearson does not demonstrate an injury in fact sufficient to confer standing and does not demonstrate the irreparable harm necessary to obtain an injunction.

**C.**   ***Younger* abstention remains appropriate because Mr. Rynearson's requested injunction would interfere with the state proceedings against him.**

Mr. Rynearson asserts that *Younger* abstention should not apply to this case because he is not seeking to interfere with the ongoing state proceedings against him. He argues, primarily, that his requested injunction will have no effect on the state proceedings because Mr. Moriwaki is not a defendant in this action, because a federal injunction against prosecuting Mr. Rynearson under the cyberstalking statute will not be binding in the protection order proceeding, and because Mr. Rynearson still could be prosecuted for violating the protection order even if he could not be prosecuted for violating the cyberstalking statute.

The argument that the state proceeding will be unaffected by a federal injunction because Mr. Moriwaki is not a defendant here actually reveals the extent to which the state

DEFENDANTS' REPLY RE:
CROSS-MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   proceeding is not, as Mr. Rynearson claims, a mere "civil disagreement between private
2   parties." The stalking protection order is based in large part on allegations of conduct that
3   would violate criminal laws, primarily the cyberstalking statute. *See* Defendants' Motion
4   (Docket #23) at 5 (citing the municipal court's findings in support of the protection order).
5   Criminal penalties are imposed for violation of such a protection order; indeed, Mr. Rynearson
6   himself claims that it is his fear of such penalties that is motivating this suit. *Id*. at 3 (citing
7   Rynearson Decl.); *id*. at 10. If this Court enjoins enforcement of Wash. Rev. Code
8   § 9.61.260(1)(b) against Mr. Rynearson, Mr. Rynearson resumes his prior commentary about
9   Mr. Moriwaki, and there is an attempt to prosecute him, Mr. Rynearson doubtless will contend
10  that the protection order is invalid because it was predicated on a statute that has been enjoined
11  by this Court and cannot be enforced against him. Combined with a federal injunction against
12  prosecuting Mr. Rynearson for any underlying conduct violating Wash. Rev. Code
13  § 9.61.260(1)(b), the state proceedings against Mr. Rynearson could become unenforceable.

14       Mr. Rynearson claims that the protection order will still be enforceable against him
15  even if the enforcement of Wash. Rev. Code § 9.61.260(1)(b) is enjoined by this Court,
16  because of the "collateral bar doctrine" (*see* Opposition, Docket #28, at 3). Mr. Rynearson cites
17  *City of Seattle v. May*, 256 P.3d 1161 (Wash. 2011), for the proposition that under the doctrine,
18  a party may not challenge "the validity of a court order in a proceeding for violation of that
19  order." *Id*. But *May* itself indicates that the collateral bar doctrine does *not* apply to "orders that
20  are void" and "orders that cannot be constitutionally applied to the charged conduct." *Id*. at
21  1165. A federal injunction barring enforcement of Wash. Rev. Code § 9.61.260(1)(b) against
22  Mr. Rynearson on the grounds that it violates the First Amendment would fall within these
23  exceptions to the collateral bar doctrine.

24       Mr. Rynearson alleges that his injunction will not interfere with the protection order
25  proceeding because the protection order itself is authorized under a different statute (Wash.
26  Rev. Code § 7.92.100) from the one he is challenging (Wash. Rev. Code § 9.61.260(1)(b)).

DEFENDANTS' REPLY RE:
CROSS-MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Opposition (Docket #28), at 3. His citation to *Wiener v. Cty. of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994), is distinguishable. *Wiener* involved a challenge to a temporary county statute that was succeeded by a permanent statute. The Ninth Circuit held that *Younger* abstention was inappropriate in part because "there was no pending state proceeding" involving the permanent statute, only the prior, temporary statute. Here, in contrast, the state proceeding, though *authorized* by Wash. Rev. Code § 7.92.100, is *predicated* on alleged violations of Wash. Rev. Code § 9.61.260(1)(b). And, as noted previously, Mr. Rynearson is actively challenging Wash. Rev. Code § 9.61.260(1)(b) before the Kitsap County Superior Court, in his pending appeal of the protection order. Defendants' Motion (Docket #23), at 5. That is the principle of *Younger*: to allow Mr. Rynearson to make his constitutional arguments in the ongoing state forum rather than a new and supplemental federal forum.

**D.      The state case qualifies under the civil categories set forth in *Younger*.**

Although Mr. Rynearson attempts to argue otherwise, the state proceedings against him plainly qualify as (1) a "civil enforcement proceeding" that is "akin to a criminal prosecution," or (2) a civil proceeding that "implicates a State's interest in enforcing the orders and judgments of its courts[.]" *Sprint*, 134 S. Ct. at 588, 591.

**1.      The stalking protection order proceeding qualifies for abstention as a civil enforcement proceeding "akin to a criminal prosecution."**

Mr. Rynearson contends that the state stalking protection order proceeding is non-criminal because it is "an injunctive proceeding brought by a private citizen" that is "[l]ike any other civil injunctive proceeding." Opposition (Docket #28), at 8-9. Mr. Rynearson points out several ways in which he claims the proceeding is similar to various civil proceedings. *Id.* at 8-10. But he completely ignores the most important sources of authority establishing that the proceeding is quasi-criminal: the findings of the Legislature in enacting it, and the decisions of the Washington Supreme Court construing it. As Defendants argued previously (*see* Docket #23, at 8-10), the Legislature specifically stated that it was enacting the statute to protect

DEFENDANTS' REPLY RE:
CROSS-MOTION TO DISMISS
NO. 3:17-CV-05531-RBL

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   "victims of stalking conduct" and give them "the same protection and access to the court

2   system as victims of domestic violence and sexual assault...." Wash. Rev. Code § 7.92.010.

3   The Washington Supreme Court recognized this quasi-criminal purpose in holding that a

4   protection order is not "a private right of enforcement." *State v. Dejarlais*, 969 P.2d 90, 91-93

5   (Wash. 1998). Mr. Rynearson also makes no attempt to explain how a mere private civil

6   "disagreement between two private parties" would result in one party having to immediately

7   surrender all of his firearms to agents of the government.

8       The state courts in a protection order proceeding are not merely "resolving a dispute

9   between two private parties"; they are providing a forum for one party to invoke the power of

10   the state to quickly and effectively halt criminally sanctionable conduct by another party.

11   *Sprint* did *not* hold that state officials must always be a named party for a proceeding to be

12   quasi-criminal, only "generally." This anti-stalking proceeding is plainly different from the

13   insurance premium calculation at issue in *ReadyLink* or the utility rate dispute at issue in

14   *Sprint*. This Court can and should conclude that the protection order proceeding qualifies as

15   "akin to a criminal action" for *Younger* purposes.

16       **2.   The stalking protection order proceeding involves the State's interest in
         enforcing the orders and judgments of its courts.**

17

18       Mr. Rynearson also contends that this action would not affect the State's interest in

19   enforcing the orders and judgments of its courts. As Mr. Rynearson in effect acknowledges, if

20   this Court finds that the requested federal injunction would have the practical effect of

21   interfering with the state proceedings, it also would impair the operation of those proceedings

22   and implicate the state's interest in enforcing its courts' orders. Cf. Opposition (Docket #28) at

23   11-12 (citing back to its own discussion of interference at pp. 2-4). Defendants agree; the

24   results of both inquiries should be the same. Both support *Younger* abstention.

25

26

11

**E.    The *Middlesex* factors also support *Younger* abstention.**

Mr. Rynearson does not appear to contest that all of the *Middlesex* factors are satisfied here: the state stalking protection proceeding was ongoing at the time the federal suit was filed, it involves important state interests, and that it provides an adequate opportunity to raise federal challenges. Motion (Docket #23) at 13; *Cf.* Opposition (Docket #28). He also does not contest that no other exception to Younger applies. *Id.*

### III.    CONCLUSION

If Mr. Rynearson's request for an injunction is directed only at prospective criminal enforcement against him, he lacks standing, has not cited the imminent harm necessary for an injunction, and (as to the Attorney General) does not fall within the *Ex parte Young* exception to the Eleventh Amendment. If his requested injunction would have the effect of interfering with the state proceedings against him, *Younger* abstention is entirely appropriate. Defendants respectfully submit that on all of these grounds, Mr. Rynearson's request for an injunction and fees should be denied and this case dismissed.

DATED this 21st day of September, 2017.

ROBERT W. FERGUSON
  *Attorney General*

s/*Darwin P. Roberts*
DARWIN P. ROBERTS, WSBA 32539
  *Deputy Attorney General*

JEFFREY T. EVEN, WSBA 20367
  *Deputy Solicitor General*

PO Box 40100
Olympia, WA  98504-0100
360-753-6200
DarwinR@atg.wa.gov
JeffE@atg.wa.gov

Attorneys for Robert W. Ferguson
Attorney General of the State of Washington

TINA R. ROBINSON
  *Kitsap County Prosecuting Attorney*

s/ *Ione* S. George
IONE S. GEORGE, WSBA No. 18236
  *Chief Deputy Prosecuting Attorney*
CHRISTINE M. PALMER, WSBA No. 42560
  *Deputy Prosecuting Attorney*
614 Division Street, MS-35A
Port Orchard, WA 98366-4676

Attorneys for Defendant Tina R. Robinson

DEFENDANTS' REPLY RE:
CROSS-MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

**CERTIFICATE OF SERVICE**

2

I certify, under penalty of perjury under the laws of the state of Washington, that I

3

electronically filed a true and correct copy of the foregoing document with the United States

4

District Court ECF system, which will send notification of the filing to the following:

5

6

Eugene Volokh
Scott & Cyan Banister First Amendment Clinic
UCLA School of Law

7

405 Hilgard Avenue
Los Angeles, CA  90095

8

volokh@law.ucla.edu

9

Venkat Balasubramani
Garrett Heilman

10

Focal PLLC
900 1st Avenue S., Suite 201

11

Seattle, WA  98134
Venkat@focallaw.com

12

Garrett@focallaw.com

13

Judith A. Endejan
Garvey Schubert Barer

14

1191 Second Avenue, 18th floor
Seattle, WA  98101

15

jendejan@gsblaw.com

16

Ione S. George
Christine M. Palmer

17

Kitsap County Prosecuting Attorney
614 Division Street, MS-35A

18

Port Orchard, WA  98366-4676

19

20

DATED this 21st day of September, 2017.

21

22

s/ *Stephanie N. Lindey*
STEPHANIE N. LINDEY

23

*Legal Assistant*

24

25

26

DEFENDANTS' REPLY RE:
CROSS-MOTION TO DISMISS
NO.  3:17-CV-05531-RBL

13