HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD LEE RYNEARSON III,

    Plaintiff,

v.

ROBERT FERGUSON, Attorney General of the State of Washington, and TINA R. ROBINSON, Kitsap County Prosecuting Attorney

    Defendants.

CASE NO. 3:17-cv-05531 RBL

ORDER ON CROSS-MOTION TO DISMISS AND MOTION FOR PRELIMINARY INJUNCTION

THIS MATTER is before the Court on Plaintiff Richard Lee Rynearson's Motion for Preliminary Injunction [Dkt. 3] and Defendants Robert Ferguson and Tina Robinson's Cross-Motion to Dismiss [Dkt. 23]. In the underlying lawsuit, Rynearson alleges certain provisions in Washington's cyberstalking statute violate the First Amendment because they are facially overbroad. *See* Dkt. 1; Wash. Rev. Code § 9.61.260. Rynearson seeks injunctive relief against enforcement of the statute as well as declaratory judgment that the challenged provisions are unconstitutional. Dkt. 1 at 7; Dkt. 3 at 5; Dkt. 25 at 4. Defendants oppose the motion for preliminary injunction and move to dismiss the lawsuit under the doctrine of *Younger* abstention based on a related proceeding pending in Kitsap County Superior Court. *See* Dkt. 23. Because

the Court determines that *Younger* abstention is appropriate, Defendants' Cross-Motion to Dismiss is **GRANTED**, and Rynearson's Motion for Preliminary Injunction is **DENIED AS MOOT**.

# I. BACKGROUND

## A. Parties

Plaintiff Richard Rynearson is a self-proclaimed activist who regularly authors online posts related to civil liberties. Dkt. 3 at 5–6. Defendant Robert Ferguson is the Attorney General of Washington and Defendant Tina Robinson in the Prosecuting Attorney for Kitsap County.

## B. Statutory Background

In 2004, the Washington Legislature passed legislation criminalizing cyberstalking. *See* 2004 Wash. Legis. Serv. Ch. 94 (codified at Wash. Rev. Code § 9.61.260). This law makes it a crime to anonymously or repeatedly harass another person online, providing in relevant part:

> (1) A person is guilty of cyberstalking if he or she, with intent to harass, intimidate, torment, or embarrass any other person, and under circumstances not constituting telephone harassment, makes an electronic communication to such other person or a third party:
>
> > (a) Using any lewd, lascivious, indecent, or obscene words, images, or language, or suggesting the commission of any lewd or lascivious act;
> >
> > (b) Anonymously or repeatedly whether or not conversation occurs; or
> >
> > (c) Threatening to inflict injury on the person or property of the person called or any member of his or her family or household. *Id*.

## C. Factual Background

This case stems from a peculiar situation involving a stalking protection order issued against Rynearson in Bainbridge Island Municipal Court. In November 2016, Rynearson became Facebook friends with Clarence Moriwaki, the volunteer founder of the Bainbridge Island Japanese-American Exclusion Memorial. Dkt. 24-2 at 4. After a series of initially cordial

Facebook interactions, in January and February 2017, Rynearson authored numerous Facebook posts criticizing Moriwaki for not condemning several public officials who supported the National Defense Authorization Act (NDAA) of 2012. Rynearson is opposed to a provision in the NDAA which he believes permits internment-like indeterminate detention of American citizens. Dkt. 3 at 6; Dkt. 23 at 9–10. Rynearson sent numerous text messages and authored additional Facebook posts criticizing Moriwaki, even after Moriwaki told Rynearson that he felt harassed and requested that Rynearson stop contacting him and refrain from posting on Moriwaki's personal Facebook page. Moriwaki eventually blocked Rynearson from posting on his personal Facebook page, at which point Rynearson created a Facebook Group entitled "Clarence Moriwaki of Bainbridge Island" in which he created numerous memes critical of Moriwaki. Dkt. 24-2 at 6. Rynearson also paid to have Facebook advertise the page. *Id*. at 7.

In March 2017, Moriwaki obtained a temporary stalking protection order against Rynearson from the Bainbridge Island Municipal Court. Dkt. 23 at 7. In June, Rynearson's attorney emailed a Kitsap County Deputy Prosecuting Attorney to inquire if charges would be forthcoming against Rynearson related to the above-described conduct. Dkt. 4 at 23. The Deputy Prosecuting Attorney responded that he was not going to file charges at the time, but would monitor Rynearson's compliance with the protective order. *Id*.

On July 10, 2017, Rynearson filed a 55-page response opposing the petition for a permanent protective order, challenging among other things, the constitutionality of Washington's cyberstalking statute. *See* Dkt. 24-1. On July 17, 2017, the Bainbridge Island Municipal Court issued a thorough findings of fact and conclusions of law on Moriwaki's petition for a permanent stalking protection order. The Municipal Court concluded that Rynearson had stalked and harassed Moriwaki and granted the permanent protective order. *See*

Dkt. 24-2 at 9–10 ("The Court finds that [Rynearson] engaged in a course of conduct directed at Moriwaki, where [Rynearson] repeatedly contacted, harassed, stalked, and cyberstalked Moriwaki."). Rynearson's appeal of the stalking protection order is pending in Kitsap County Superior Court. *See* Dkt. 24-4 at 2. Among his various challenges on appeal, Rynearson contends that Wash. Rev. Code § 9.61.260(1)(b) violates his First Amendment right to free speech.

**D.  Procedural Background**

On July 13, 2017, while the petition for a permanent protection order was still pending, Rynearson initiated the present lawsuit challenging the constitutionality of Wash. Rev. Code § 9.61.260(1)(b). Rynearson moves for a preliminary injunction against the statute's enforcement. Dkt. 3. Robinson filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. 20. Attorney General Ferguson and Robinson filed a joint response in opposition to the motion for preliminary injunction as well as a Cross-Motion to Dismiss. Dkt. 23. The Electronic Frontier Foundation and the American Civil Liberties Union of Washington have filed a joint *amici curiae* brief. Dkt. 19. The Court heard oral argument and now has sufficient information to render a decision on the pending motions.

## II. LEGAL STANDARD

*Younger* abstention is a judicially created doctrine barring federal court interference with ongoing state court proceedings. *See* Erwin Chemerinsky, *Federal Jurisdiction* § 13.1 at 848 (6th ed. 2012). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts may not enjoin pending state criminal proceedings. In subsequent cases, the Supreme Court extended *Younger* abstention to certain state civil proceedings. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) (applying *Younger* abstention to civil enforcement actions akin to criminal prosecutions); *Juidice v. Vail*, 430 U.S. 327 (1977) (applying *Younger* abstention to civil proceedings in which the government is not a party); *Pennzoil Co. v. Texaco*

*Inc.*, 481 U.S. 1 (1987) (applying *Younger* abstention to private civil matters where an important government interest is at stake). Abstention from the exercise of federal jurisdiction is the exception, not the rule, and federal courts should not refuse to decide a case in deference to the States. *See Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984); *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)). In *Sprint*, the Supreme Court clarified that *Younger* abstention is limited to three exceptional categories of cases: (1) parallel, pending state criminal proceedings; (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. *Id.* at 588, 591.

When considering whether *Younger* abstention applies, the Ninth Circuit Court of Appeals has incorporated additional non-dispositive factors articulated by the Supreme Court in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (holding *Younger* abstention is appropriate when there is an ongoing state judicial proceeding implicating important state interests and there is an adequate opportunity in the state proceedings to raise constitutional challenges). These *Middlesex* factors are "appropriately considered by the federal court before invoking *Younger*." *Sprint*, 134 S. Ct. at 593.

Condensing the Supreme Court's guidance from *Sprint* and *Middlesex* into a single test, the Ninth Circuit provides that "*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). If these four threshold elements are met,

1  courts "then consider whether the federal action would have the practical effect of enjoining the

2  state proceedings and whether an exception to *Younger* applies." *Id*.

### III. DISCUSSION

In Defendants' joint response opposing Rynearson's Motion for Preliminary Injunction, Ferguson and Robinson argue that this action should be dismissed under the doctrine of *Younger* abstention, and that even if the Court were to consider the case on the merits, Rynearson has not met the requirements for a preliminary injunction. Dkt. 23 at 1. The Court addresses the issue of *Younger* abstention first, because if the Court is required to abstain, it is unnecessary to rule on Rynearson's motion for a preliminary injunction.

**A.  *Younger* Abstention is appropriate under the *ReadyLink* factors.**

In the Ninth Circuit, *Younger* abstention applies if a state civil proceeding is: (1) ongoing; (2) a quasi-criminal enforcement action or involves a state's interest in enforcing the orders and judgments of its courts; (3) implicates an important state interest; and (4) allows litigants to raise federal challenges. *ReadyLink*, 754 F.3d at 759. If these four threshold elements are met, the Court must also consider a fifth factor: whether the injunctive and declaratory relief sought by Rynearson in this lawsuit would have the practical effect of enjoining the state proceeding. *Id*.

The parties do not dispute that elements one, three, and four are satisfied: the proceedings in Kitsap Superior Court are ongoing, they implicate important state interests, and that Rynearson can raise his federal challenges to the cyberstalking statute's constitutionality before the Superior Court. *See* Dkt. 28 at 6 (arguing that elements two and five are not satisfied); Dkt. 23 at 14–22 (arguing that all elements of *Younger* abstention are satisfied). The parties disagree, however, as to the second element, whether the state court proceeding is quasi-criminal or

implicates the Washington's interest in enforcing the orders or judgements of its courts. Additionally, Rynearson disputes whether this Court's adjudication of the present lawsuit would have the practical effect of enjoining the proceedings in Kitsap County. Accordingly, the Court focuses its analysis on these two factors.

    1. <u>The state court proceeding in *Moriwaki v. Rynearson* is akin to a criminal proceeding for purposes of *Younger* abstention.</u>

In arguing that this case should be dismissed, Defendants contend that the civil stalking protection order proceeding in *Moriwaki v. Rynearson* is "akin to a criminal proceeding" to which *Younger* abstention applies. Dkt. 23 at 16; Dkt. 30 at 10–11. Rynearson counters that the civil stalking protection proceeding is not quasi-criminal because it is "an injunctive proceeding brought by a private citizen." Dkt. 28 at 9. Rynearson highlights that the government is not a party to the civil enforcement action and characterizes *Moriwaki v. Rynearson* as "garden variety civil litigation between private parties" which cannot trigger *Younger* abstention. Dkt. 28 at 5–6. The Court disagrees with Rynearson's characterization of the *Moriwaki v. Rynearson* proceeding.

Contrary to Rynearson's contention, *Moriwaki v. Rynearson* is not a run-of-the-mill contract dispute or tort action between private litigants. Rather, it is one party invoking the authority of the local court for protection from the increasingly bizarre conduct of another party. As the *Sprint* Court observed, civil enforcement actions akin to criminal prosecutions are "characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act," as is the case here. *Sprint*, 134 S. Ct. at 592. The quasi-criminal nature of the proceeding is reinforced by the fact that the Municipal Court required Rynearson to

temporarily surrender nine firearms to local authorities.[1] Dkt. 24-2 at 2. Furthermore, if Rynearson violates the protective order, he may be subject to arrest and criminal prosecution. *See* Wash. Rev. Code. § 9.92.140(3). The Court finds that the protective order proceeding at issue in *Moriwaki v. Rynearson* is similar to the anti-nuisance proceeding in *Huffman*, and the bar disciplinary proceeding in *Middlesex*, which were both held to be quasi-criminal proceedings to which *Younger* abstention applies. *See Huffman*, 420 U.S. at 598; *Middlesex*, 457 U.S. at 433–34. While Rynearson is correct that the state is routinely a party in quasi-criminal enforcement actions, Dkt. 28 at 8–9, a state's presence as a named party in a civil proceeding is not necessarily required for *Younger* abstention to apply. *See, e.g., Juidice*, 430 U.S. at 327. Accordingly, this Court concludes the civil protection order proceeding now on appeal before the Kitsap Superior Court is "quasi-criminal" or "akin to criminal proceedings" for purposes of *Younger* abstention. *See ReadyLink*, 754 F.3d at 759 (citing *Sprint*, 134 S. Ct. at 588).

    *a. The state court proceeding implicates Washington's interest in enforcing the orders and judgments of its courts.*

Having already determined that the civil stalking protection proceeding was quasi-criminal, the second *ReadyLink* factor is satisfied, and the Court need not separately consider whether the ongoing civil proceeding implicates Washington's interest in enforcing the orders and judgments of its courts. *See ReadyLink*, 754 F.3d at 759 (noting *Younger* abstention is appropriate in state proceedings that "are quasi-criminal enforcement actions *or* involve a state's interest in enforcing the orders and judgments of its courts") (emphasis added). Nonetheless,

---

[1] Although Rynearson complied with the initial Order to Surrender, the condition that he surrender his firearms was not incorporated into the permanent protection order. *See* Dkt. 24-2 at 10 ("Although [Rynearson] has engaged in cyberstalking and harassing conduct towards [Moriwaki], there must be more threatening, violent, or assaultive behavior for the Court to remove the Respondent's firearms.").

even if this Court were to determine that the civil protection proceeding from *Moriwaki v. Rynearson* was not quasi-criminal, the second *ReadyLink* factor would still be satisfied because the pending appeal before the Superior Court implicates Washington's strong interest in enforcing the stalking protection order issued by the Bainbridge Island Municipal Court. This is an important state judicial process which is integral to compelling compliance with local court protective orders. *Id.*

2. <u>The practical effect of granting injunctive or declaratory relief would enjoin the state court proceeding.</u>

Having determined that the four threshold elements for *Younger* abstention are present, the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies. *ReadyLink*, 754 F.3d at 759 (citing *Gilbertson v. Albright*, 381 F.3d 965, 978, 983–84 (9th Cir. 2004)).[2] Ferguson and Robinson assert that if this Court were to grant the relief sought by Rynearson, it would have the practical effect of enjoining the civil proceeding and making the protective order unenforceable. Dkt 23 at 22; Dkt. 30 at 8–10. Rynearson offers several theories as to why this Court's issuance of the requested injunction would not enjoin the *Moriwaki v. Rynearson* civil proceeding. Dkt. 28 at 6–8. None of those proffered theories are persuasive.

To assess the practical effect on the state court proceeding, the Court need look no further than the relief requested by Rynearson: a preliminary and permanent injunction enjoining the State of Washington and Kitsap County from enforcing Washington's cyberstalking statute, and declaratory judgment that Wash. Rev. Code § 9.61.260(1)(b) is unconstitutional. Dkt. 1 at 7.

---

[2] There are few recognized exceptions to *Younger* abstention including when state proceedings are brought in bad faith or for the purpose of harassment. *Younger*, 401 U.S. at 53. The parties do not argue that an exception to *Younger* applies here.

Rynearson is essentially seeking to enjoin the Washington Attorney General or the Kitsap County Prosecuting Attorney from prosecuting him for the very conduct that the civil protection order prohibits. If the Court were to grant this relief, Rynearson indicates that he will resume his incessant online criticism of Moriwaki which gave rise to the stalking protection order. *See* Dkt. 4 at 8.

It is hard to envision how the state court proceeding could go forward if Rynearson is equipped with an injunction from this Court which essentially authorizes him to engage in conduct that violates the stalking protection order. If the Court were to grant this relief, it would undoubtedly have the practical effect of enjoining Rynearson's pending appeal in Kitsap Superior Court. Accordingly, the Court concludes that all of the elements for *Younger* abstention articulated by the Ninth Circuit in *ReadyLink* are met, and that dismissal of this case is warranted.

## IV. CONCLUSION

Rynearson raises compelling questions as to the breadth and constitutionality of certain provisions in Wash. Rev. Code § 9.61.260. These questions are seemingly reinforced by Defendants' reluctance to address the constitutionality of the statute during oral argument. *See* Dkt. 31. Nonetheless, Rynearson has already raised these constitutional challenges in his appeal of the civil protection order pending before the Kitsap County Superior Court. Under the *Younger* abstention doctrine, the Court must refrain from adjudicating this lawsuit. Accordingly, Defendants' Cross-Motion to Dismiss [Dkt. 23] is **GRANTED.** Rynearson's Motion for

1 | Preliminary Injunction [Dkt. 3] and Defendant Robinson's Motion to Dismiss [Dkt. 20] are both

2 | **DENIED AS MOOT**.

3 |     IT IS SO ORDERED.

4 |     Dated this 10th day of October, 2017.

*/s/ Ronald B. Leighton*

Ronald B. Leighton
United States District Judge